### McGee
### v.
### Oak Tree Realty, Inc.
[Cite as 4 AOA 252]

*Case No. 58553*
*Cuyahoga County, (8th)*
*Decided June 7, 1990*

*Kathleen M. McGee, 24200 Chagrin Blvd. #60, Beachwood, Ohio 44122, for Plaintiff-Appellee.*

*Dominic J. Vannucci, 22649 Lorain Road, Fairview Park, Ohio 44126, for Defendant-Appellant.*

*Per Curiam.*

Oak Tree Realty, Inc., appellant herein, acquired the assets of a realty company owned and operated by Robert J. McGee, appellee. The acquisition transaction included an employment agreement dated December 17, 1987 between Oak Tree and McGee for McGee's services. Oak Tree terminated McGee on February 10, 1989. Subsequently, McGee filed a claim with the American Arbitration Association for binding arbitration in compliance with the employment contract alleging breach of a written employment agreement.

A full hearing was held by an arbitrator of the American Arbitration Association on June 30 and July 3, 1989. An award was filed by the arbitrator on July 12, 1989 awarding McGee $46,830; no findings of fact or conclusions of law were mentioned at the time the award was filed.[1] On August 3, 1989 McGee filed an application to confirm the award pursuant to R.C. 2711.09. On August 14, 1989 Oak Tree Realty filed an application to vacate the award. On August 15, 1989 McGee filed a memorandum opposing Oak Tree's motion to vacate the award.

On August 15, 1989 the Court of Common Pleas in Case No. 173,973 held a hearing for both the above motions, ordered the matter continued and directed the arbitrator to submit findings *the calendar year*, as long as written notice was given to either party before October 1st.

Since Oak Tree gave notice to McGee in January, 1989 and discharged him in February, 1989, the arbitrator held Oak Tree breached the agreement and McGee suffered damages in the amount of $46,830.

Appellant Oak Tree's sole assignment of error follows:

"THE ORDER OF THE COURT OF COMMON PLEAS OF CUYAHOGA COUNTY, OHIO GRANTING APPELLEE'S MOTION FOR CONFIRMATION OF THE AMERICAN ARBITRATION ASSOCIATION AND DENYING

APPELLANT'S MOTION TO VACATE THE AWARD IS UNLAWFUL, UNREASONABLE, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AND IS A DENIAL OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW." Appellant's sole assignment of error lacks merit.

Oak Tree argues specifically as follows:

"(1) the trial court erred by confirming the award thus denying appellant due process of law

"(2) the arbitrator made a manifest mistake in applying contract law to the facts

"(3) the arbitrator made a manifest mistake in calculating the damages and

"(4) the arbitrator's finding was against the manifest weight of the evidence." Appellant, therefore, contends the judgment of the Court of Common Pleas confirming the award was unlawful and unreasonable. Appellant's argument is unpersuasive.

A provision in a contract providing for arbitration of controversies is valid and enforceable. R.C. 2711.01.[2] Agreements to arbitrate can be enforced in the court of common pleas having jurisdiction over the party failing to perform. R.C. 2711.03.[3] Once binding arbitration is completed a court which has jurisdiction may only confirm and enter judgment,[4] modify,[5] vacate,[6] or enforce the award.[7] These statutory sections dealing with arbitration provide the methods to either attack or support an arbitration decision. *Lockhart* v. *American Res. Ins. Co.* (1981), 2 Ohio App. 3d 99, 101; R.C. 2711.01 to R.C. 2711.15. The rule for effecting vacation of an arbitration award is contained in R.C. 2711.10 which reads as follows:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

'(A) The award was procured by corruption, fraud, or undue means.

'(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

'(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

'(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators."

For nearly one hundred years Ohio law has favored the "amicable adjustment of difficulties" by arbitration. *Corrigan* v. *Rockefeller* (1902), 67 Ohio St. 354, 367. A strong public policy favors arbitration to privately settle grievances and avoid needless expensive litigation. *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516, 520. Common law arbitration has slowly given way to binding arbitration which is governed by statute. Hence, altering, vacating, or modifying the arbitrator's decisions must comply with R. C. 2711, *et seq.*

If the parties could challenge a binding arbitration decision on grounds the arbitrators erroneously decided legal or factual issues, *no arbitration* would be binding. *Huffman* v. *Valletto* (1984), 15 Ohio App. 3d 61, 63. The role of a reviewing court in claims brought to review the findings of binding arbitration is extremely limited. *Oil, Chemical & Atomic Workers Internatl. Union, AFL-CIO, Local 7-629* v. *RMI Co.* (1987), 41 Ohio App. 3d 16, 20. Binding arbitration precludes judicial review unless the claims comport with the grounds enumerated in R.C. 2711.10, i.e. fraud, corruption, misconduct, an imperfect award, or the arbitrator exceeded his authority. *Id.* Appellate review of arbitration proceedings is confined to an evaluation of the order issued by the court of common pleas. *Lynch* v *Halcomb* (1984), 16 Ohio App. 3d 223, 224.

Absent a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable or unconscionable, a court will not vacate a binding arbitration award. *Goodyear, supra; Gerl Constr. Co.* v. *Medina Cty. Bd. of Commrs.* (1985), 24 Ohio App. 3d 59, 61.

The Eighth District Court of Appeals held in *Huffman, supra,* at 63:

"When disputing parties agree to submit their controversy to binding arbitration, they agree to accept the result, even if it is legally or factually wrong. *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516, 520 [71 O.O. 2d 509]; *Lockhart* v. *American Res. Ins. Co.* (1981), 2 Ohio App. 3d 99, 102-103. If the parties could challenge an arbitration decision on the ground that the arbitrators erroneously decided legal or factual issues, no arbitration would be binding. Binding arbitration precludes judicial review unless the arbitrators were corrupt or committed gross procedural improprieties. R.C. 2711.10."

In the case *sub judice*, no evidence was presented by appellant that the arbitrator was corrupt or committed gross procedural improprieties. Accord, *Theresa Machutas* v. *Modern Marine, Inc.* (Dec. 15, 1988), Cuyahoga App. No. 54756, unreported; *Cousino* v. *Helmick* (Jan. 30, 1986), Cuyahoga App. No. 50007, unreported. Manifest *mistakes of law*, as cited by appellants, are not sufficient to overcome the arbitrator's decision. *Id.*

Appellant, herein, first argues he has been denied due process. This contention has no merit since appellant had agreed upon binding arbitration and had a full hearing, encompassing two days time, allowing full opportunity to present evidence and witnesses at such hearing.[8] Appellant then appealed to the court of common pleas which affirmed the arbitrator's decision. Appellant now appeals that decision to this court of appeals. Appellant has, therefore, not been denied due process.

Appellant secondly contends the arbitrator made manifest mistakes of law. Appellant cites employment contract case law that precedes R.C. 2711.10 by four decades.[9] Appellant also relies upon seventy-year-old case law dealing with awards in common law arbitration[10] and would have this court apply that law to the facts *sub judice*. The instant case is governed by statute which does not recognized "manifest mistake" as a ground for vacation of an award. Indeed, in *Pfleger* v *Renner* (1920), 13 Ohio App. 96, the court stated that any party who asserts a good faith claim that is not sustained will always believe the arbitrator made a "manifest mistake."

In addition, appellant urges a review of the arbitrator's award in terms of the manifest weight of the evidence. Appellant's argument fails for two reasons; (1) the type of misconduct which R.C. 2711.10 mandates is necessary in order for a review court to grant relief from a binding arbitration award has *not* been alleged or proved and (2) if it were, the court *sub judice* would be powerless to decide a manifest weight argument since no record of the evidence presented at the hearing was provided to this court by appellant. Obviously, the monetary award granted to the employee could justifiably be at least partly based upon that portion of his salary due him from February 10, 1989 when he was terminated to the year's end.

This court has stated that findings of fact and conclusions of law are prepared for the sole purpose of enabling a reviewing court to determine the existence of assigned errors other than manifest weight. *Freeman* v. *Westland Builders, Inc.* (1981), 2 Ohio App. 3d 212, 214, citing *Orlow* v. *Vilas* (1971), 28 Ohio App. 2d 57, 59; *Starke* v. *Jackie Lee Enterprises, Inc.* (April 20, 1989), Cuyahoga App. No. 55265, unreported. For the purpose of challenging findings of fact and conclusions of law on appeal, App. R. 9 (B) reads as follows:

"* * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion.* * *"

A transcript of all evidence relevant to challenged findings or conclusions is necessary when the appellant contends, as here, the following: (1) the findings are contrary to the weight of the evidence, or (2) they are unsupported by the evidence. *Tyrell* v. *Investment Assoc., Inc.* (1984), 16 Ohio Aoo. 3d 47 at syllabus paragraph two. The burden rests with the appellant to demonstrate alleged errors and provide the court with the essential transcript. *Knapp* v. *Laboratories* (1980), 61 Ohio St. 2d 197.

The appellant has failed to demonstrate the errors of which he complains by providing a transcript of the hearing held before the arbitrator.[11] Hence, this court has no alternative but to presume regularity in the hearing below and affirm the validity of the judgment. *Ostrander* v. *Parker-Fallis* (1972), 29 Ohio St. 2d 72, 74; *Bates & Springer, Inc.* v. *Stallworth* (1978), 56 Ohio App. 2d 223, 234; *Columbus* v. *Hodge* (1987), 37 Ohio App. 3d 68; *Starke, supra.*

The arbitrator's conclusions of law comport with and are supported by the findings of fact. Given the presumed validity, therefore, of the arbitrator's award, a reviewing court may not reopen the original arbitration proceedings. *Findlay City School Dist. Bd. of Edn.* v. *Findlay Edn. Assn.* (1990), 49 Ohio St. 3d 129, 132; *Lochart* v. *American Res. Ins. Co.* (1981), 2 Ohio App. 3d 99, 101.

The plain language of R.C. 2711.10 requires that an appellant challenging an arbitrator's award must do so predicated on *cause. Warren Edn. Assn.* v. *Warren City Bd. of Edn.* (1985), 18 Ohio St. 3d 170, 173, 174. Since appellant can point to no misconduct by the arbitrator or other grounds enumerated in R.C. 2711.10(A) to (D), i.e., corruption, fraud, partiality, misconduct, or the exceeding of power, the trial court order

entering the arbitration award as a final order must stand. *Warren, supra.*

Accordingly appellant's sole assignment of error is not well taken and overruled.

*Judgment affirmed.*

KRUPANSKY, J. and MATIA, J., concur.
PATTON, C.J., dissents.

---

[1] The findings of fact and conclusions of law submitted by the arbitrator are of questionable value since they are not required by statute. The appellee contends the findings of fact and conclusions of law were submitted upon the order of the trial judge after the arbitrator lost jurisdiction.

[2] R.C. 2711.01 provides as follows:
"* * *

"A provision in any written contract, except as hereinafter provided, to settle by arbitration a controversy thereafter arising out of such contract, or out of the refusal to perform the whole or any part thereof, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or thereafter arising, from a relationship then existing between them or which they simultaneously create, shall be *valid, irrevocable, and enforceable,* save upon such grounds as exist at law or in equity for the revocation of any contract." (Emphasis added.)

[3] R.C. 2711.03 provides in pertinent part:
"* * *

"The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that such arbitration period proceed in the manner provided for in such agreement. * * *"

[4] R.C. 2711.09; R.c. 2711.12 (enter judgment).

[5] R.C. 2711.11.

[6] R.C. 2711.10 and R.C. 2711.13.

[7] R.C. 2711.14.

[8] A list of appellant's witnesses testifying at the hearing was attached to the findings of fact and numbered fourteen in all. Furthermore, appellant presented seven exhibits at hearing. McGee called four witnesses and presented thirty-four exhibits at hearing. Appellant however, supplied no transcript of the hearing testimony.

[9] See *Rorich* v. *Gilbert* (1931), 45 Ohio App. 96, which deals with wrongful discharge.

[10] *Pfleger* v. *Renner* (1920), 13 Ohio App. 96, states at syllabus that in common law arbitration in order to warrant setting aside an award on the ground of manifest mistake, "it must appear that there is a mistake of such a character that the arbitrator would have corrected it himself had it been called to his attention."

[11] Appellant provided an agreed upon statement of the facts as permitted by App. R. 9(C). However, this two and one-half page document served merely to chronologically list the statement of events in the case and shed no light on the evidence presented at the arbitration hearing.