**WATERLOO LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, Appellee,**

v.

**WATERLOO EDUCATION ASSOCIATION et al., Appellants.**

[Cite as *Waterloo Local School Dist. Bd. of Edn. v. Waterloo Edn. Assn.* (1990), 70 Ohio App.3d 684.]

Court of Appeals of Ohio,
Portage County.

No. 89–P–2113.

Decided Dec. 17, 1990.

*G. Frederick Compton, Jr.,* for appellee.

*Cornelius J. Baasten,* for appellants.

BASINGER, Judge.

A teaching contract of appellant, Mary Knox, was non-renewed by the Waterloo Local School District Board of Education. A subsequent arbitration involving the non-renewal resulted in a finding of procedural errors and a remedy as set forth by the arbitrator. A complaint to vacate the arbitrator's award was filed in the common pleas court and resulted in the arbitrator's award being vacated and set aside. An appeal of the court's decision was taken to this court.

The arbitrator's award had been in favor of the appellants, Waterloo Education Association and Mary Knox, and against appellee, Waterloo Local School District Board of Education. Appellee filed a motion to vacate the award, alleging that the arbitrator had exceeded his authority by improperly substituting his judgment for that of the appellee and by rendering an opinion contrary to law.

The trial court vacated the award after framing the issue as follows:

"The question in this case is as follows: The fundamental question in this proceeding does not require a discussion on the rights of the Board and its

obligations or the failure to follow the terms of the labor contract. The question this court must decide is does a labor contract in a public school case mandate a compliance with its terms superior to the statute of Ohio before a limited teacher contract renewal is refused: If the answer is in the affirmative, then the arbitration award is correct and the judgment [sic] must be reversed [sic]. If the answer is in the negative, then the arbitrator has exceeded his authority and the judgment [sic] must be affirmed [sic]."

Appellant, Mary Knox, has taught in the Waterloo School District for twenty-one years, and on September 30, 1987, after being informed of her eligibility, she applied for a continuing contract, commonly referred to as tenure.

Knox was a sixth grade teacher at Waterloo Middle School, and the principal at that school, Keith Ruhe, evaluated appellant four times between 1986 and the spring of 1988. Based on these evaluations, he recommended that Knox be non-renewed.

The arbitrator found that appellee had failed to follow the proper procedures in making the teacher evaluations which were the basis of Knox's non-renewal. The arbitrator ordered that the offending evaluation be stricken from appellant's file, that Knox receive back pay and service credits, and that the superintendent recommend her to the board for a continuing contract.

Appellee filed a motion to vacate, and appellants filed a motion to confirm the arbitrator's award. It is from the trial court's entry vacating the award that appellants timely appeal, raising the following assignments of error:

"1. The trial court committed prejudicial error in vacating the arbitration award rendered by arbitrator Samuel S. Perry on November 25, 1988.

"2. The trial court committed prejudicial error in denying appellants' application to confirm and reduce to judgment the arbitration award rendered by arbitrator Samuel S. Perry on November 25, 1988."

Appellants argue that the judicial review of an arbitration award is very limited and cite numerous cases discussing the public policy favoring arbitration. Two cases appear to be the most important in developing this standard of review in Ohio: *Goodyear v. Local Union 200* (1975), 42 Ohio St.2d 516, 71 O.O.2d 509, 330 N.E.2d 703, and *United Steelworkers of America v. Enterprise Wheel & Car Corp.* (1960), 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424.

*Goodyear* states that an arbitrator's decision is binding, so long as it draws its essence from the agreement, and the reasoning is not so palpably erroneous that no group of judges would decide as did the arbitrator.

Appellants contend that the arbitrator's award draws its essence from the agreement, as it finds that the evaluation procedures were part of the contract, and that these procedures were not followed, thereby breaching the bargained-for agreement.

Appellee argues that the arbitrator went beyond the scope of the submitted grievance, that he erred in determining that the evaluation procedures were part of the non-renewal process, and that he, therefore, exceeded his authority.

The standard of review for the appellate court has been reiterated by this court in *Oil Chemical & Atomic Workers Internatl., AFL–CIO, Local 7–629 v. RMI Co.* (1987), 41 Ohio App.3d 16, 20, 534 N.E.2d 110, 114, which states:

"Appellate review of arbitration proceedings is confined to an evaluation of the order issued by the court of common pleas pursuant to R.C. Chapter 2711. * * * The substantive merits of the original arbitration award are not reviewable on appeal absent evidence of *material mistakes* or extensive impropriety.

" * * *

"However, an arbitrator's award must draw its essence from the collective bargaining agreement. * * *

"An arbitrator who relies upon an inapplicable provision of a collective bargaining agreement exceeds his authority. * * * " (Emphasis *sic* and citations omitted.)

In this case, the use of the evaluation procedures as a means to invalidate the non-renewal of appellant, Mary Knox, does not appear to be palpably erroneous. The within review of the merits should be limited to determining palpable error, and should not consider the legal correctness of the arbitrator's award.

Appellee argues that this award is "palpably erroneous" and, therefore, all that is required by the appellee is the appropriate notice of intent. This court does not agree.

We would first note that the bargained-for agreement in this case prevails over R.C. 3319.11.

Article 12(H) of the agreement, entitled "Non–Renewal," requires a notice stating the reasons for such action to be sent to the teacher. This section also gives the teacher a right to a private hearing and the right to representation at said hearing. The agreement also mandates certain procedures in evaluating a teacher. The arbitrator factually found several violations of the agreement and based his award upon the procedural errors and violations of the agreement. Without determining the legal correctness of the award, it

cannot be said that the award is so palpably erroneous as to require a review of the merits of the award.

■ Appellee argues that the arbitrator exceeded his authority when he ordered that appellant was to be recommended for a continuing contract. Appellee correctly argues that the board of education had three options when presented with appellant's request for a continuing contract. The board may (1) unqualifiedly re-employ the teacher under a continuing contract; (2) re-employ the teacher under a "limited contract" for no more than two years, provided certain statutory requirements are met; or (3) not renew the teacher's contract, so long as proper notice is given.

Appellants have not cited any provision of the contract, or any statute, which entitles Knox to a continuing contract. Additionally, the arbitrator has not usurped the authority of the board of education.

Several recommendations for non-renewal were made in this case and each can trace its origin to the improper evaluations: from the Middle School principal to the superintendent, and finally to the board of education. By striking the offending evaluations and ordering the recommendation, the arbitrator has only forced appellee to properly consider appellant's qualifications and determine what contract status appellant Knox merits. The arbitrator did not exceed his authority by ordering Knox's recommendation for a continuing contract.

Appellee's final argument states that the arbitrator considered contract provisions which were not made part of appellants' grievance submission. The arbitrator heard and considered the untimeliness of the evaluations pursuant to the Syllabus For Use With Appraisal of the Professional. Appellee objected and argued that this was beyond the scope of the submission.

Appellee contends that the scope of arbitration is narrowly defined by the submission. We find, however, that the arbitrator did not consider an issue not submitted. The submission stated violations of Articles 12(G) and (H) and Article 13(A)(2), and requested the board to rescind its action. The arbitrator should be allowed to consider materials referenced in sections (A), (B) and (C) of the same Article, Article 12, especially when evaluations formed the basis of the board's action, and, therefore, this court finds no evidence of extensive impropriety, or of the arbitrator exceeding his authority.

This court need only evaluate the trial court's order. R.C. 4117.10(A) provides that deference should be given to the arbitrator's award. The trial court incorrectly determined that the arbitrator exceeded his authority and failed to follow the law in this case. As such, appellants' first assignment of error has merit.

The arguments in the second assignment of error are simply restatements of the arguments made in the first assignment of error. Having found appellants' first assignment of error to be meritorious, this court finds that no cause to vacate has been demonstrated. *Warren Edn. Assn. v. Bd. of Edn.* (1985), 18 Ohio St.3d 170, 174, 18 OBR 225, 228, 480 N.E.2d 456, 459, states:

"From the foregoing, it is thus clear that when a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant this motion if it is timely, unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown."

As such, appellants' second assignment of error has merit.

For reasons as stated, the judgment of the trial court is reversed and the arbitrator's award is hereby reinstated.

*Judgment reversed.*

FORD, P.J., and WOLFF, J., concur.

WILLIAM H. WOLFF, JR., J., of the Second Appellate District, and RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.