PRINCETON CITY SCHOOL DISTRICT BOARD OF EDUCATION, Appellee,

v.

PRINCETON ASSOCIATION OF CLASSROOM
EDUCATORS, OEA/NEA, Appellant.

[Cite as *Princeton City School Dist. Bd. of Edn. v. Princeton Assn. of Classroom Educators, OEA/NEA* (1999), 134 Ohio App.3d 330.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–980793.

Decided April 23, 1999.

*Wood & Lamping, Paul R. Berninger* and *Amy Gasser Callow,* for appellee.

*Cloppert, Portman, Sauter, Latanick & Foley* and *Susan Hayest Kozlowski,* for appellant.

PAINTER, Judge.

Larry Draper is a science teacher at Princeton High School and a member of defendant-appellant Princeton Association of Classroom Educators, OEA/NEA ("the Association"). On November 14, 1996, Draper took his biology class on a

field trip to the Cincinnati Zoo. After the field trip, Draper took a picture of the class. When he took the picture, he realized that one of his students, Greg Barber, had "mooned" him, but he was not sure by how much, nor was he sure that the camera had caught it. Draper immediately warned Barber that he would be held accountable for his conduct if the picture revealed that he had "mooned" the camera. Draper had the film developed over the school's winter-holiday break. It showed that Barber had, in fact, "mooned" the camera.

On January 2, 1997, Barber's guidance counselor, who was concerned with Barber's performance at school, communicated to his teachers that she would be meeting with Barber's mother. Draper gave the counselor the picture. This was the first time that Draper had taken any action regarding the "mooning" incident.

Ultimately, Barber was expelled for this and other behavior. Draper was placed on unpaid suspension for three days. According to plaintiff-appellee Princeton City School District Board of Education ("the Board"), Draper was disciplined for "taking an inappropriate picture of a student and failing to report a serious student misbehavior."

The Association filed a grievance challenging Draper's suspension. The grievance contended that the disciplinary action was taken "without good and just cause"—a reference to the collective-bargaining agreement between the parties, which provided that teachers could be disciplined only for good and just cause. Under the collective-bargaining agreement, the grievance was submitted to arbitration. After a hearing, the arbitrator determined that the Board did not have good and just cause to discipline Draper. The arbitrator ordered the Board to expunge from Draper's personnel file any references to the discipline and to pay Draper for the three days that he was suspended.

Unhappy with the arbitrator's decision, the Board filed a motion in the Hamilton County Court of Common Pleas to vacate the arbitration award. The Association filed a motion to confirm the award.[1] The trial court vacated the award, asserting that the arbitrator had "failed to consider critical issues presented by the Board" and had "exceeded his authority."

The Association appeals the court's decision. In its sole assignment of error, it asserts that the court erred in vacating the award and in not granting the motion to confirm. The Association is correct.

In general, the law encourages arbitration, and courts should strive "to favor the regularity and integrity of the arbitrator's acts."[2] Judicial review of

---

1. See R.C. 2711.10 (provisions for vacating arbitration awards); R.C. 2711.09 (provisions for confirming arbitration awards).

2. *Findlay City School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 131, 551 N.E.2d 186, 189. (Citations omitted.)

arbitration proceedings is extremely limited, and a court may not set aside an arbitrator's award except in the very limited circumstances set forth in R.C. 2711.10.[3]

■ R.C. 2711.10(D) provides that a court may vacate an award if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." (Neither party suggests that any other subparts of R.C. 2711.10 apply here.) To determine if an arbitrator exceeded his or her powers, the court must determine whether the award "draws its essence" from the collective-bargaining agreement between the parties. This will be the case "when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful."[4] So long as the award draws its essence from the collective-bargaining agreement, the court's inquiry is at an end, and it must affirm the arbitrator's decision.[5] The court may not substitute its judgment for that of the arbitrator.[6]

■ The Board made two arguments to the trial court to support its position that the arbitrator's award was not valid. First, it argued that the arbitrator erred because he did not make certain necessary determinations before making his award. Specifically, the Board claimed that the arbitrator failed to consider the issues of whether Barber's "mooning" of the camera was a serious offense that warranted disciplinary action and whether Draper failed in his duty to initiate discipline. But our review of the arbitrator's written opinion reveals that the arbitrator did consider all the necessary issues to reach a determination on the ultimate issue presented in the grievance: whether the Board had "good and just cause" to discipline Draper.

In his opinion, the arbitrator outlined the respective positions of the parties. He specifically noted that the Board believed that Draper had failed to impose

3. *Cincinnati v. Queen City Lodge No. 69, Fraternal Order of Police* (Jan. 29, 1999), Hamilton App. No. C–980031, unreported, 1999 WL 34603.

4. *Mahoning Cty. Bd. of Mental Retardation & Developmental Disabilities v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872, paragraph one of the syllabus.

5. See *Findlay, supra,* paragraph two of the syllabus.

6. See *Goodyear Tire & Rubber Co. v. Local Union No. 200, United Rubber, Cork, Linoleum & Plastic Workers of Am.* (1975), 42 Ohio St.2d 516, 520, 71 O.O.2d 509, 511, 330 N.E.2d 703, 706 ("Were the arbitrator's decision to be subject to reversal because a reviewing court disagreed with findings of fact or with an interpretation of the contract, arbitration would become only an added proceeding and expense prior to final judicial determination.").

necessary disciplinary measures for what the Board considered to be a serious offense. After summarizing the facts of the dispute, he carefully discussed the basis for his award. Among other things, he concluded that Barber was merely trying to be funny when he "mooned" the camera and that Draper's photograph was not immoral or obscene. He also determined that Draper believed that "by talking to [Barber's] mother in the setting of a counseling session, there was a reasonable chance of getting [Barber's] cooperation in the effort to use his talents to succeed in the classroom." He stated, "I find that * * * Draper was not guilty of immorality, or incompetence, nor was he guilty of willful violation[s] of rules and regulations adopted by the Board. Accordingly, it is clear that there is an absence of good and just cause for the * * * suspension imposed on [Draper]." Later, the arbitrator reiterated his conclusion that Draper acted reasonably:

"The Board characterized the photograph as inappropriate, and the delay in reporting the incident as unreasonable. * * * While he has been accused of delay in reporting the matter, the fact is the delay was in [the] developing of [the] roll of film which contained the photograph. Within a reasonable time after obtaining the developed photograph, he reported to the counselor, and provided her with the photograph for use in the counseling session with the student and his mother. Considering all of the circumstances, I find that Mr. Draper acted reasonably. While I recognize that the Board contends he should have acted differently, I find that the Board's contention is based more on hindsight than insight."

We conclude that the arbitrator properly considered both parties' positions and that he made a reasoned decision on the ultimate issue of whether the Board had good and just cause to discipline Draper. His opinion "drew its essence" from the parties' collective-bargaining agreement and was not arbitrary, capricious, or unlawful. Thus, the trial court lacked any requisite basis under R.C. 2711.10(D) to vacate the award. Whether we, or the trial court, agree with the opinion is immaterial. The arbitration is binding.

■ The Board's second argument against the arbitrator's opinion was that the arbitrator exceeded his authority in fashioning his award. The Board referred to the following comment by the arbitrator: "The ordeal that [Draper] has been put through here in defending himself is adequate to help him understand the concerns of the Board." According to the Board, that comment was improper because, under the collective-bargaining agreement, the arbitrator did not have the authority to determine that the "ordeal" of proceeding through the grievance process was sufficient discipline. But the Board's argument was specious. When the comment is read in its context, it is clear that the arbitrator was making it

merely to stress that Draper had acted in good faith and that the Board did not have just cause to impose the three-day suspension:

"[Draper] has what some teachers find difficult to obtain, *i.e.*, the ability to maintain control of a classroom. The fact that one errant student exhibits unacceptable behavior should not be the basis for besmirching his reputation. The Board may reasonably expect its teachers to maintain order in a classroom, but it would be unreasonable to hold the teacher to the standard of an insurer. Occasionally, someone will get out of line and need to be dealt with. The Board has questioned [Draper's] manner of dealing with the student in this case, but upon a full consideration of the facts, there is adequate reason to believe that * * * Draper acted in good faith. The ordeal that he has been put through here in defending himself is adequate to help him understand the concerns of the Board. With that in mind, there is no justifiable reason to impose a three-day suspension, or to leave in his file any reference to the incident which occurred here."

After reviewing the arbitrator's opinion, we conclude that the arbitrator acted within his authority. We hold that there simply were not grounds under R.C. 2711.10(D) to vacate the arbitrator's award and that the trial court erred in doing so. The Association's assignment is sustained. We reverse the trial court's order, and we reinstate and confirm the award.

*Judgment reversed*
*and final judgment entered.*

DOAN, P.J., and WINKLER, J., concur.