DECISION.
The Princeton City School District Board of Education ("Board") brings this appeal from the order of the Hamilton County Court of Common Pleas affirming an arbitrator's award that reinstated a teacher whose employment had been terminated. That teacher, Lisa McDaniel, was a member of the Princeton Association of Classroom Educators ("Association"), the appellee, which had a collective-bargaining agreement with the Board. Using the terms of that agreement, McDaniel filed a grievance against the Board that was heard by an arbitrator selected jointly by the Board and the Association.
At the times pertinent to the issues in this case, McDaniel was a special-education teacher in one of the Board's elementary schools. Her employment had begun in 1985, and, eventually, she gained tenure and was acknowledged as a competent instructor of developmentally handicapped children. At the beginning of the 1993-1994 school year, McDaniel was teaching a class of some thirteen children in kindergarten through the third grade who, in varying degrees, required special education.
At the beginning of that term, an autistic child with very special needs was placed in McDaniel's class, and it is clear that the previously harmonious relationship between McDaniel and the administrators at the school then began to deteriorate. The child's parents wanted her placed in the "mainstream" kindergarten class with an individual aide assigned solely to her. The Board refused that request. Although McDaniel agreed that the child should remain in her classroom with the other developmentally handicapped children, she supported the assignment of an individual aide to implement the individual education plan that had been formulated for the autistic child.
The parents challenged the Board's decision, and a "due process" hearing was conducted by an Ohio State Board of Education hearing officer. At the hearing, McDaniel testified in support of the appointment of a special aide, because the child's continuing behavioral problems interfered with the instruction of the remainder of her class.[1] Eventually, McDaniel was assisted by two aides who cooperated with her to attend to such needs as feeding the children the breakfast served to them at the school, changing soiled clothing, and taking them to or retrieving them from other classrooms in which they were receiving instruction.
The school administrators, beginning early in 1994, admonished McDaniel about what they perceived to be instances of neglect of her duties as a teacher. For example, McDaniel's supervisors testified that she was absent from the classroom with such frequency and for such long periods that aides assigned to McDaniel, as well as other teachers, complained to them. During the first two months of 1994, three "directives" were issued with respect to her responsibilities to the autistic child, and evaluations conducted by the administrators reflected her continuing failure to remain in the classroom. Repeated reprimands followed. In April 1996, McDaniel received an unpaid three-day suspension for using improper disciplinary measures upon two of her charges. In April 1997, the assistant school superintendent recommended that the Board terminate McDaniel's employment for neglect of her duties.
By letter dated April 15, 1997, McDaniel was informed that her contract was terminated officially. McDaniel filed a grievance pursuant to the terms of the collective-bargaining agreement. On August 14, 1998, the arbitrator found that the Board did not have just cause to terminate McDaniel, sustained her grievance, voided her discharge, and ordered her reinstated to her former position with seniority intact and without a loss of pay or benefits.[2] On January 7, 2000, the court of common pleas journalized its order affirming the arbitrator's award.
The Board gives us a singular assignment of error:
 The trial court erred to the prejudice of the Board in refusing to vacate the arbitrator's award where there was evidence of partiality on the part of the arbitrator and the arbitrator exceeded his authority and imperfectly executed his authority such that a mutual, final and definite award was not made.
A subordinate issue, which the Board advances as fundamental, is stated as follows: "[T]he arbitrator acted with bias and partiality in favor of Ms. McDaniel and to the prejudice of the Board."
The resolution of the assignment and its attendant issues must begin with the determination of the standard of appellate review applicable to the Board's premises. As this court held inPrinceton City School Dist. Bd. of Ed. v. Princeton Assn. ofClassroom Educators, OEA/NEA (1999), 134 Ohio App.3d 330, 332-333,731 N.E.2d 186, 188,
 In general, the law encourages arbitration, and courts should strive "to favor the regularity and integrity of the arbitrator's acts. * * * Judicial review of arbitration proceedings is extremely limited, and a court may not set aside an arbitrator's award except in the very limited circumstances set forth in R.C. 2711.10. [Citations omitted.]"
The recent, salient pronouncements of the Supreme Court of Ohio are found in Findlay City School Dist. Bd. of Edn. v. Findlay Edn.Assn. (1990), 49 Ohio St.3d 129, 551 N.E.2d 186. See, also,Cincinnati v. Queen City Lodge No. 69, Fraternal Order of Police
(Jan. 29, 1999), Hamilton App. No. C-980031, unreported.
R.C. 2711.10 provides the bases upon which a court of common pleas may make an order vacating the award in an arbitration proceeding. The Board relies primarily on R.C. 2711.10(B) to support its application to vacate the award sub judice. That sub-section authorizes a court of common pleas to vacate an award where the record demonstrates partiality on the part of the arbitrator.
Justice Andrew Douglas in Findlay, supra at 131-132,551 N.E.2d at 189, gave the following reasons considered compelling by the majority there for limiting sharply the scope of review of the arbitrator's award:
 As this court has noted on previous occasions, "`[i]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.' * * *." [Citations omitted.] Arbitration provides the parties with an alternate method of dispute resolution. "It provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets." [Citation omitted.] Accordingly, this court has placed certain restrictions on a reviewing court's authority to vacate an arbitrator's award pursuant to R.C. 2711.10(D), because the integrity and purposes of the arbitration system of dispute resolution would be seriously undermined in the absence of such restrictions.
The first paragraph of the syllabus in Findlay declares, in part, that an arbitrator's award is presumptively valid. The Court of Appeals for Cuyahoga County in Staff v. State Farm Mut.Ins. Co. (1993), 87 Ohio App.3d 440, 443, 622 N.E.2d 434, 436, with reference to this presumption of validity, noted the supreme court's observation in Goodyear v. Local Union No. 200 (1975),42 Ohio St.2d 516, 522, 330 N.E.2d 703, 707,
 * * * that the arbitrator is the final judge of both law and facts, * * * that an award will not be set aside except upon a clear showing of fraud, misconduct or some other irregularity rendering the award unjust, inequitable, or unconscionable * * *, and that even a grossly erroneous decision is binding in the absence of fraud.
The critical factor in the resolution of the question at bar is stated in the second paragraph of the syllabus in Findlay:
 Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end. (R.C. 2711.10[D], construed and applied.)
The consequence of that holding is that the ambit of review by an intermediate court of appeals of an order of a court of common pleas upon an application to vacate an arbitrator's award is narrow. The Court of Appeals for Portage County has thus observed that "[a]ppellate review of arbitration proceedings is confined to an evaluation of the order issued by the court of common pleas pursuant to R.C. Chapter 2711[, and that t]he substantive merits of the original arbitration award are not reviewable on appeal absent evidence of material mistakes or extensive impropriety."Oil, Chem. Atomic Workers Internatl. Union, AFL-CIO, Local7-629 v. RMI Co. (1987), 41 Ohio App.3d 16, 20, 534 N.E.2d 110,114 (quoted in Waterloo Local School Dist. Bd. of Edn. v. WaterlooEdn. Assn. [1990], 70 Ohio App.3d 684, 687, 591 N.E.2d 1329,1330).
Justice Douglas in Findlay, supra at 132, 551 N.E.2d at 189, quoted paragraph one of the syllabus of Mahoning Cty. Bd. ofMental Retardation v. Mahoning Cty. TMR Edn. Assn. (1986),22 Ohio St.3d 80, 488 N.E.2d 872, for the proposition that "[a]n arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious orunlawful. (Emphasis added.)" The Court of Appeals for Athens County used that definition when deciding Hocking TechnicalCollege v. Hocking Technical College Edn. Assn. (1997),120 Ohio App.3d 155, 697 N.E.2d 249, discretionary appeals dismissed as improvidently allowed (1998), 82 Ohio St.3d 1214, 694 N.E.2d 69, and Judge Painter applied it in writing for the panel in PrincetonCity School Dist. Bd. of Edn. v. Princeton Assn. of ClassroomEducators, supra.
We feel constrained to note that the discharge of this court's obligation to resolve the issues raised by the assignment of error given us would have been easier had not the arbitrator chosen to use language and references that, in light of the totality of the evidence spread before him, appear to be deliberately pejorative. His characterization of the school administrators as members of the Gestapo, the infamous, brutal German secret police of more than half a century ago, his statement of his belief that the administrators had hatched a "plot" to rid themselves of McDaniel, his description of her as the hapless, hounded character in LesMiserables, and his characterization of McDaniel's treatment by her fellow professionals as that accorded a slave, were unnecessary and unprofessional and demeaned his office. It strains credulity to dismiss them, as the Association does, as colorful analogies. But, in spite of the lack of circumspection on the part of the arbitrator, the record compels the conclusion that the award sub judice does draw its essence from the collective-bargaining agreement between the Board and the Association. Resultantly, our inquiry for purposes of vacating the award is at an end.
In the order from which this appeal has been taken, viz., that journalized January 7, 2000, the court held, inter alia, that,
 * * * contrary to Plaintiff's assertions, a review of the record reveals nothing that would indicate that this Arbitrator was biased in favor of Ms. McDaniel. Thus, the Arbitrator's award cannot be overturned pursuant to [R.C. 2711.10(B)]. Further, the Court finds that the Arbitrator did not exceed his powers or so imperfectly execute them that a mutual, final and definite award upon the subject matter was not made. A review of the record makes clear that the Arbitrator's award draws its essence from the parties' collective bargaining agreement, and is not unlawful, arbitrary, or capricious. Accordingly, the Arbitrator's decision cannot be overturned pursuant to [R.C. 2711.10(D)].
The clear, unambiguous and positive mandates of the Supreme Court of Ohio eliminate all debate as to whether we might have come to a conclusion different from that reached by the arbitrator. Our review cannot extend to the substantive merits of the award, nor could the court of common pleas, in its review, have balanced the equities, weighed the evidence, or assessed the credibility of the witnesses. See Motor Wheel Corp. v. Goodyear Tire Rubber Co.
(1994), 98 Ohio App.3d 45, 647 N.E.2d 844.[3]
We conclude that the arbitrator did consider the respective positions of the parties, did make a reasoned decision as to whether the Board had terminated McDaniel for just cause, and did act within his authority. We agree with the conclusion of the court of common pleas that the decision of the arbitrator cannot, upon the authorities cited and reasons given above, be vacated either under R.C. 2711.10(B) or under R.C. 2711.10(D). The assignment of error, then, is overruled, and the judgment of the Hamilton County Court of Common Pleas is affirmed.
Judgment affirmed.
 PAINTER, P.J., SUNDERMANN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.
[1] According to the testimony, the child hit, bit and spit fitfully, and McDaniel, who was required to record the instances of such behavior, noted that, on one day, the child screamed out 162 times, apparently in frustration with her inability to understand or perform the educational tasks given her.
[2] In its brief, the Association asserts that McDaniel was reinstated in January 2000, but that the Board has refused to provide back pay or to restore seniority or other benefits.
[3] In Motor Wheel, the Court of Appeals for Cuyahoga County considered the appeal of a denial of a petition to vacate an arbitrator's award under a dual standard of review. Motor Wheel submitted that the review should be de novo, so that the court of appeals would stand in the shoes of the common pleas court. Goodyear submitted that the standard of review should be abuse of discretion. The court of appeals affirmed the order overruling the petition to vacate the award, and the supreme court disallowed a discretionary appeal. See Motor Wheel Corp. v. Goodyear Tire Rubber Co. (1995), 71 Ohio St.3d 1477, 645 N.E.2d 1257.