GOBLE et al., Plaintiffs,

v.

BRUNSWICK, Defendant.

Court of Common Pleas of Ohio,
Medina County.

No. 06CIV1240.

Decided April 25, 2007.

138

Natalie F. Grubb and Thomas M. Hanculak, for plaintiff.

Mansour, Gavin, Gerlack & Manos Co., L.P.A., and James A. Budzik, for defendant.

KIMBLER, Judge.

### Statement of Facts

{¶ 1} Denise Goble was employed as a firefighter and paramedic for the city of

Brunswick Fire Department. On or about June 17, 2004, she was injured in an accident that took place while she was receiving training on the "Jaws of Life" equipment used by the fire department. Following this accident, she was placed on sick leave and then disability leave. She applied for and began receiving temporary total disability pursuant to the Ohio workers' compensation law and the collective bargaining agreement between the city and her union.

{¶ 2} Pursuant to the workers' compensation law and the collective-bargaining agreement, Goble executed a wage agreement on July 1, 2004. This wage agreement released her workers' compensation payments to the city. This agreement meant that while Goble was on sick leave, she was receiving her salary, and the city could use the workers' compensation payments to offset her salary expense. This agreement was entered into pursuant to Article XIII, Section 13.04.

{¶ 3} Eventually, the city sent Goble a notice that it was going to place her on what is known as involuntary disability separation ("IDS"). Under such an arrangement, the employee loses his or her job and benefits but, if there is medical improvement within three years, such an employee will be reinstated. The IDS hearing took place on September 23, 2005. Following the hearing, the city notified Goble on September 26, 2005, that effective September 27, 2005, her sick-leave benefits would be discontinued, her group health insurance would be canceled as of September 28, 2005, a vacation buyout would be provided, and she should turn in her equipment on September 29, 2005.

{¶ 4} Goble then filed a grievance, and an arbitration hearing was held on March 6, 2006. The arbitrator released her decision on June 19, 2006. In that decision, she upheld the action of the city in placing Goble on IDS but found that the city had acted prematurely. She therefore ordered the city to make Goble whole "for all money and benefits lost as a result of the City's premature actions."

{¶ 5} In making her ruling, the arbitrator held that there were two ways that Article XIII, Section 13.04 could be interpreted. One would be to read the section as requiring the city to keep Goble as an employee indefinitely. The other would be to require the city to keep Goble as an employee until such time as her sick-leave pay could no longer fund the difference between Goble's salary and her workers' compensation benefits. At that point, the city could put her on IDS, which the arbitrator found was not a discharge, because she could be reinstated during a three-year period following the city's action.

{¶ 6} The arbitrator also addressed the issue of whether the collective-bargaining agreement allowed the city to put Goble on IDS. With respect to that

issue, the arbitrator found that there was no provision in the collective-bargaining agreement that either explicitly or implicitly dealt with IDS. The arbitrator noted that she did not have the authority to deal with an issue that did not concern the interpretation of the collective-bargaining agreement. She applied the same reasoning to the union's claim that the city had engaged in a retaliatory discharge.

{¶ 7} Goble then filed a motion to vacate the arbitrator's award, and the city filed a motion to have the arbitration award confirmed. This matter is now in front of the court on both motions which, by agreement of the parties, is being heard on the briefs and other material submitted by the parties.

## Statement of the Law

{¶ 8} R.C. 2711.10 gives this court the power to vacate an arbitrator's award, but only in very limited circumstances. That section reads as follows:

§ 2711.10. Court may vacate award

In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

(A) The award was procured by corruption, fraud, or undue means.

(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

If an award is vacated and the time within which the agreement required the award to be made has not expired, the court may direct a rehearing by the arbitrators.

{¶ 9} As the Hamilton County Court of Appeals pointed out in *Cincinnati v. Queen City Lodge No. 69, Fraternal Order of Police* (2005), 164 Ohio App.3d 408, 2005-Ohio-6225, 842 N.E.2d 588, the power of a court when reviewing an arbitration award is very limited. When the parties have agreed in a collective-bargaining agreement to settle their disputes by using a mutually acceptable arbitrator rather than a judge, they have bargained for and agreed to accept the arbitrator's findings of fact and interpretation of the contract. A reviewing court cannot reject an arbitrator's findings of fact or interpretation of the contract simply because it disagrees with them. See *Southwest Ohio Regional Transit*

*Auth. v. Amalgamated Transit Union, Local 627* (2001), 91 Ohio St.3d 108, 110, 742 N.E.2d 630.

{¶ 10} "Public policy favors arbitration." *Southwest Ohio Regional Transit Auth.*, 91 Ohio St.3d at 109, 742 N.E.2d 630. Arbitration provides the parties with "a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets." *Findlay School Dist. Bd. of Edn. v. Findlay Edn. Assn.* (1990), 49 Ohio St.3d 129, 131, 551 N.E.2d 186, quoting *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities v. Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St.3d 80, 83, 22 OBR 95, 488 N.E.2d 872. "The whole purpose of arbitration would be undermined if courts had broad authority to vacate an arbitrator's award." *Southwest Ohio Regional Transit Auth.*, 91 Ohio St.3d at 109–110, 742 N.E.2d 630, quoting *Mahoning Cty. Bd. of Mental Retardation & Dev. Disabilities*, 22 Ohio St.3d at 83–84, 22 OBR 95, 488 N.E.2d 872. Therefore, a strong presumption favors the regularity and integrity of an arbitrator's award. See *Findlay City School Dist. Bd. of Edn.*, 49 Ohio St.3d 129, 551 N.E.2d 186, paragraph one of the syllabus.

{¶ 11} "Judicial review of arbitration proceedings is extremely limited, and a court may not set aside an arbitrator's award except in the very limited circumstances set forth in R.C. 2711.10." *Princeton City School Dist. Bd. of Edn. v. Princeton Assn. of Classroom Educators* (1999), 134 Ohio App.3d 330, 332–333, 731 N.E.2d 186. Under R.C. 2711.10(D), a court may vacate an award only if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

{¶ 12} In order to determine whether an arbitrator has exceeded his or her authority under R.C. 2711.10(D), the trial court must first determine whether the award draws its essence from the collective-bargaining agreement. See *Queen City Lodge No. 69, Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati* (1992), 63 Ohio St.3d 403, 406, 588 N.E.2d 802; see, also, *Southwest Ohio Regional Transit Auth.*, 91 Ohio St.3d at 110, 742 N.E.2d 630. "Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end." *Findlay City School Dist. Bd. of Edn.*, 49 Ohio St.3d 129, 551 N.E.2d 186, paragraph two of the syllabus.

{¶ 13} An arbitrator's award draws its essence from the collective-bargaining agreement when there is a rational nexus between the agreement and the award. See *Internatl. Assn. of Firefighters v. Columbus* (2002), 95 Ohio St.3d 101, 102, 766 N.E.2d 139. "A mere ambiguity in the opinion accompanying

an arbitration award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for vacating the award when such award draws its essence from the collective bargaining agreement." *Ohio Office of Collective Bargaining v. Ohio Civ. Serv. Emps. Assn., Local 11, AFSCME, AFL–CIO* (1991), 59 Ohio St.3d 177, 179, 572 N.E.2d 71, citing *Goodyear Tire & Rubber Co. v. Local Union No. 200* (1975), 42 Ohio St.2d 516, 330 N.E.2d 703, paragraph one of the syllabus.

## Discussion

{¶ 14} In this case, the court finds that there is a nexus between the collective-bargaining agreement and the arbitrator's award because in rejecting Goble's argument that Article XIII, Section 13.04 mandated that the city keep her as an employee for an indefinite period of time, the arbitrator was doing what arbitrators are permitted to do, which is interpret a collective-bargaining agreement.

{¶ 15} Additionally, the arbitrator did not have the authority to decide whether Goble was wrongfully discharged or whether the city had the right to terminate her employment because of her disability. Such conclusions are outside the wording of the contract, and if the arbitrator had ruled on such matters, she would have exceeded her authority.

## Holding

{¶ 16} The court finds that the arbitration award should be, and hereby is, confirmed. Goble's motion to set aside the arbitration award should be, and hereby is, denied. Costs should be taxed to Goble and the intervening plaintiff.

So ordered.