BOARD OF EDUCATION OF THE FINDLAY CITY SCHOOL DISTRICT, APPELLEE, *v.*
FINDLAY EDUCATION ASSOCIATION ET AL., APPELLANTS.

[Cite as Findlay City School Dist. Bd. of Edn. *v.* Findlay Edn. Assn. (1990),
49 Ohio St. 3d 129.]

(No. 88-2051 — Submitted January 10, 1990 — Decided February 28, 1990.)

*Rakestraw & Rakestraw* and *Russell E. Rakestraw,* for appellee.

*Gallon, Kalniz & Iorio Co., L.P.A., Ted Iorio* and *Christine A. Reardon,* for appellants.

DOUGLAS, J. Appellants, Heintzelman and the association, contend that the court of appeals erred in determining that the arbitrator's award is contrary to law. Appellants argue that an arbitrator's award is presumptively valid and, therefore, a reviewing court should not look to the underlying merits of the arbitrator's decision but, rather, the courts should merely inquire as to whether the arbitrator delivered his bargained-for interpretation of the contract.

Appellants' contentions present us with a question concerning the necessary degree of judicial restraint for a court to exercise in reviewing an arbitrator's award pursuant to R.C. 2711.10(D).

R.C. 2711.10 provides in pertinent part:

"In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:

"* * *

"(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made."

In the case at bar, the arbitrator's award was vacated by the trial court based upon *Dayton Teachers Assn.* v. *Dayton Bd. of Edn.* (1975), 41 Ohio St. 2d 127, 70 O.O. 2d 223, 323 N.E. 2d 714, paragraph one of the syllabus, wherein we held that:

"A board of education is vested with discretionary authority to negotiate and to enter into a collective bargaining agreement with its employees, *so long as such agreement does not conflict with or purport to abrogate the duties and responsibilities imposed upon the board of education by law.*" (Emphasis added.)

The court of appeals, like the court of common pleas, found that the arbitrator's interpretation of the collective bargaining agreement purported to abrogate the right of the board to nonrenew the limited contracts of teachers by treating teachers whose contracts have not been renewed as suspended within the meaning of Section G, Article IV. R.C. 3319.11, which grants the board a right not to renew the limited contracts of teachers, provided in relevant part:

"*Any teacher employed under a limited contract,* and not eligible to be considered for a continuing contract, *is, at the expiration of such limited contract, deemed re-employed* under the provisions of this section at the same salary plus any increment provided by the salary schedule *unless the employing board,* acting on the superintendent's recommendation as to whether or not the teacher should be re-employed, *gives such teacher written notice of its intention not to re-employ him* on or before the thirtieth day of April. * * *" (Emphasis added.)

According to the court of appeals, the arbitrator's interpretation of the contract "* * * guarantees continued employment for limited contract teachers whose contracts have been nonrenewed * * *" by providing restoration rights not authorized by R.C. 3319.11. Therefore, the arbitrator's award was contrary to law (R.C. 3319.11), causing the arbitrator to exceed his authority and, thereby, rendering an order to vacate the award proper pursuant to R.C. 2711.10(D).

We do not agree. As this court has noted on previous occasions, " '[i]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts.' * * *" (Citation omitted.) *Mahoning Cty. Bd. of Mental Retardation* v. *Mahoning Cty. TMR Edn. Assn.* (1986), 22 Ohio St. 3d 80, 84, 22 OBR 95, 98, 488 N.E. 2d 872, 875. Arbitration provides the parties with an alternate method of dispute resolution. "It provides the parties with a relatively speedy and inexpensive method of conflict resolution and has the additional advantage of unburdening crowded court dockets." *Id.* at 83, 22 OBR at 98, 488 N.E. 2d at 875. Accordingly, this court has placed certain restrictions on a reviewing

court's authority to vacate an arbitrator's award pursuant to R.C. 2711.10(D), because the integrity and purposes of the arbitration system of dispute resolution would be seriously undermined in the absence of such restrictions.

In *Goodyear* v. *Local Union No. 200* (1975), 42 Ohio St. 2d 516, 71 O.O. 2d 509, 330 N.E. 2d 703, paragraph one of the syllabus, we held that:

"A mere ambiguity in the opinion accompanying an arbitration award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for vacating the award when such award draws its essence from a collective bargaining agreement. * * *" (Citation omitted.)

Further, in *Mahoning, supra,* paragraph one of the syllabus, we held that:

"An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or *unlawful.*" (Emphasis added.)

In the case at bar, the arbitrator concluded that the nonrenewal of Heintzelman's contract was due to a reduction in force. In applying the correct section of the collective bargaining agreement, the arbitrator concluded that the mandates of the agreement required the board to provide restoration rights to teachers under limited contracts by virtue of Paragraph 3, Section G of Article IV. In accordance with Paragraph 8, Section G of Article IV, the restoration rights exist for a period of one year. The arbitrator's award provided Heintzelman with any lost earnings attributable to the board's failure to give Heintzelman restoration rights. Certainly, the award "draws its essence" from the agreement.

However, in the case at bar, a further inquiry into the propriety of the arbitrator's award was required pursuant to the authority of *Mahoning.* In effect, was the award "unlawful"? We think not. The court of appeals determined that the arbitrator treated teachers whose contracts have not been renewed as "suspended" teachers and a nonrenewed contract cannot be suspended because there is nothing to suspend. However, the arbitrator's interpretation of "suspend" was part of what the parties bargained for in agreeing to submit their dispute to arbitration.

Further, the arbitrator's award did not take away the board's right to nonrenew. The board did, in fact, nonrenew Heintzelman's contract. Appellants do not now claim nor did they claim before the arbitrator that appellee did not have the right to nonrenew Heintzelman's contract. Rather, appellants claimed and the arbitrator's award provided Heintzelman, in accordance with the collective bargaining agreement, restoration rights *after* the board had exercised its rights of nonrenewal under R.C. 3319.11. At this point, no further inquiry into the substantive merits of the arbitrator's decision may be made by a reviewing court once a determination is made that the award draws its essence from the agreement and that the award is not unlawful. The policy of the law favoring arbitration requires such a limited inquiry.

Therefore, given the presumed validity of an arbitrator's award, a reviewing court's inquiry into whether the arbitrator exceeded his authority, within the meaning of R.C. 2711.10(D), is limited. Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing

court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end.

In the case *sub judice,* the trial court and the court of appeals held that the arbitrator's award was unlawful because the award divested the board of its right to nonrenew. As previously stated, the arbitrator's award did not divest the board of its right to nonrenew and, hence, the judgment of the court of appeals must be reversed and the award of the arbitrator must be reinstated and ordered enforced.

*Judgment reversed.*

SWEENEY, H. BROWN and RESNICK, JJ., concur.

MOYER, C.J., HOLMES and WRIGHT, JJ., dissent.