I respectfully dissent from the majority's disposition of appellants' sole assignment of error. I begin by noting arbitration awards are presumed valid. Finley City School Dist. Bd. of Edn. v. Finley Edn. Assn. (1990), 49 Ohio St.3d 129, para. 1 of the syllabus. Given this presumption, "a reviewing court's inquiry into whether the arbitrator exceeded his authority, within the meaning of R.C. 2711.10(D), is limited." Id. at 132. "The arbitrator is confined to the interpretation and application of the collective bargaining agreement, and although he may construe ambiguous contract language, he is without authority to disregard or modify plain and unambiguous provisions." Detroit Coil Co. v. International Assn. of Machinists Aerospace Workers, Lodge No. 82 (C.A.6, 1979), 594 F.2d 575, 579. "A mere ambiguity in the opinion accompanying an arbitration award, which permits the inference that the arbitrator may have exceeded his authority, is not a reason for vacating the award when such award draws its essence from a collective bargaining agreement. Ohio Office of Collective Bargaining v. Ohio Civil Serv. Employees Ass'n, Local 11, AFSCME, AFL-CIO (1991), 59 Ohio St.3d 177, 179 (Citation omitted). The majority finds appellee's work rule, which provides for automatic termination for failure to call-in and being AWOL for three consecutive days, creates a per se rule for just cause review, and the arbitrator rewrote Article 6 of the agreement and the work rules generated therefrom when he "engrafted a mitigating factor review." Article 7 sets forth the arbitrator's authority, as follows:
 The arbitrator shall not have the authority to add to, subtract from, modify, change or alter any provision of this Agreement.
 * * * The arbitrator shall expressly confine himself to the precise issue submitted for arbitration and shall have no authority or privilege to determine any other issue or issues not so submitted to him. The arbitrator may not make an award or decision which in effect grants either party that which is was unable clearly to secure during past bargaining negotiations.
Article 7, Section 7.3, Step 5 (Emphasis added).
The parties stipulated to the following as the sole issue before the arbitrator: "Was James Johnston discharged for just cause? If not, what shall the remedy be?" I find the parties' stipulation was broad enough to empower the arbitrator to determine whether Johnston's discharge was for just cause. To hold otherwise would render the stipulation of the parties meaningless. Accordingly, I find the arbitrator did not exceed his powers based upon the stipulated issue. For a similar result, see, Muskingum County Dep't of Human Serv. v. AFSCME Local 3529 and Ohio Council 8, AFSCME, AFL-CIO (Dec. 30, 1999), Muskingum App. No. 99CA14, unreported. I also find the arbitration award drew its essence from the agreement. An arbitrator's award draws its essence from the agreement of the parties where a rational nexus between the agreement and the award is established. An arbitrator's award fails to draw its essence from the agreement when it: (1) conflicts with express terms of the agreement; (2) imposes additional requirements not expressly provided for in the agreement; (3) is not rationally supported by or derived from the terms of the agreement; or (4) is based on "general considerations of fairness and equity" instead of the exact terms of the agreement.
General Truck Drivers, Chauffeurs, Warehousemen Helpers, Local 957 v. Dayton Newspapers, Inc. (6th Cir. 1999), 190 F.3d 434, 437
(Citation omitted).
If "the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Id. (Citation omitted). In making his decision, the arbitrator applied the contractual standard of just cause, finding the work rule, which creates per se just cause, did not control the outcome of the dispute because the Union neither negotiated for nor assented to the policy. The arbitrator reviewed the mitigating circumstances surrounding Johnston's unexcused absences and concluded appellee's discharge of Johnston was not for just cause. The majority finds the award conflicted with the express terms of the agreement because the agreement and R.C.4117.08 give appellee the right to promulgate rules and regulations; therefore, allowed appellee to create a rule which permits a per se just cause termination of an employee who fails to call-in or is AWOL for three consecutive days. Because the per se just cause language found in the work rule is not included in the parties' agreement, I find the arbitrator was not required to view such language as dispositive of the issue before him. The arbitrator was asked to determine whether James Johnston was discharged for just cause. If he found in the affirmative, the arbitrator was finished. However, if he found the negative, the parties stipulated he should then determine the remedy. Having found appellee did not have just cause to discharge Johnston, the arbitrator fashioned a remedy. Section 8.1 of the agreement vests appellee with the right to discipline only for just cause. The agreement does not define "just cause." Given the parties' stipulation and the lack of a definition for the term, "just cause," I find the arbitrator had a sufficient basis from which to conclude he had the right to review the penalty imposed by appellee. Therefore, I find the arbitrator's award was rationally derived from the terms of the agreement and not simply based upon general considerations of fairness and equity. Because the arbitrator's award does not conflict with the express terms of the agreement, does not impose additional requirements, is rationally supported by the agreement, and is not merely based upon general considerations of fairness and equity, I find the award draws its essence from the agreement. Accordingly, I find the trial court erred in granting appellee's application to vacate, and I would sustain appellants' sole assignment of error.