DECISION
This is an appeal by plaintiff, Local 67, International Association of Firefighters, from a judgment of the Franklin County Court of Common Pleas, denying plaintiff's application to vacate an arbitration award and granting the application of defendant, city of Columbus ("city"), to confirm the arbitration award.
By award dated December 15, 1998, an arbitrator denied grievances filed by firefighters William Russell and Donald Sherrod. On March 11, 1999, plaintiff filed a complaint and application to vacate the arbitration award.
Plaintiff's complaint alleged the following. Plaintiff is an employee organization, and is the exclusive representative of approximately fourteen hundred uniformed employees of the city of Columbus, Division of Fire. On May 21, 1997, plaintiff and the city entered into a collective bargaining agreement, effective from June 1, 1996, to May 31, 1998.
Pursuant to Article 9, Section 9.2 of the agreement, plaintiff processed two grievances regarding the city's denial of injury leave for firefighters Russell and Sherrod for periods during which they were required to be absent from work for surgery and/or treatment for bilateral carpal tunnel syndrome. An arbitration hearing was held before an arbitrator on September 11, 1998, and the arbitrator issued his award on December 15, 1998, denying both of the grievances. Plaintiff's complaint before the trial court alleged that "the arbitrator erroneously determined that the rules and regulations of the City's Board of Industrial Relations are controlling over the express provisions of the Agreement, and therefore, the injury leave provision does not apply to bilateral carpal tunnel syndrome, because that disability is not caused by an `incident,' as required by the Board's rules."
On April 19, 1999, the city filed an answer and counterclaim, as well as an application to confirm the arbitration award. The trial court issued an order requiring the parties to submit briefs by September 13, 1999. By decision filed February 7, 2000, the trial court confirmed the arbitrator's award.
On appeal, plaintiff sets forth the following four assignments of error for review:
 FIRST ASSIGNMENT OF ERROR: The Court of Common Pleas erred in finding that the Arbitrator's Award drew its essence from the parties' collective bargaining agreement and was therefore not unlawful, arbitrary and capricious.
 SECOND ASSIGNMENT OF ERROR: The Court of Common Pleas erred in failing to find that the arbitration award ignored the plain meaning of the collective bargaining agreement.
 THIRD ASSIGNMENT OF ERROR: The Court of Common Pleas erred in finding that the arbitrator had reason to presume that the carpal tunnel syndrome at issue was not service-connected, as the City had conceded that point prior to the arbitration, and in the arbitration proceeding. This error was material to the Court's decision, and was therefore reversible error.
 FOURTH ASSIGNMENT OF ERROR: The Court of Common Pleas erred in failing to find that the arbitrator erred in reaching his decision by ignoring evidence of bargaining history, prior litigation, and prior arbitration decisions which confirm the meaning of the contractual language at issue.
In general, "'[i]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts." Mahoning Cty. Bd. of Mental Retardation v.Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, 84, quotingCampbell v. Automatic Die Products Co. (1954), 162 Ohio St. 321, 329. The Ohio Supreme Court has held that "[a]n arbitrator's award must `draw its essence from the collective bargaining agreement.' MiamiTwp. Bd. of Trustees v. Fraternal Order of Police, Ohio Labor Council,Inc (1988), 81 Ohio St.3d 269, 271, quoting Queen City Lodge No. 69,Fraternal Order of Police, Hamilton Cty., Ohio, Inc. v. Cincinnati
(1992), 63 Ohio St.3d 403, 406. Further, "[a]n arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." Mahoning Cty., supra, at paragraph one of the syllabus.
In light of the "presumed validity of an arbitrator's award, a reviewing court's inquiry into whether the arbitrator exceeded his authority, within the meaning of R.C. 2711.10(D), is limited." FindlayCity School Dist. Bd. of Edn. v. Findlay Edn. Assn. (1990),49 Ohio St.3d 129, paragraph one of the syllabus. Accordingly, "[o]nce it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end." Id. at paragraph two of the syllabus.
Plaintiff's assignments of error are interrelated and will be considered together. At issue are provisions of a collective bargaining agreement entered into between plaintiff and defendant on May 21, 1997. Article 9 of the agreement provides for grievance procedures. Article 24 of the agreement sets forth the procedures relating to injury leave. Section 24.1 provides in part that "[a]ll employees shall be allowed injury leave with pay not to exceed one hundred eighty (180) days for each service connected injury * * *." Section 24.2 states that:
 Injury leave with pay shall be granted to any such employee only for injuries or other disabilities determined by the Finance Department Director or designee as caused or induced by the actual performance of his or her position. Cardiovascular, respiratory, and pulmonary disabilities shall be presumed to be service-connected. * * *
Section 24.8 of the agreement states that:
 The provisions of this section shall be administered by the Director of the Finance Department or designee, who shall make necessary rules, devise forms, keep records, investigate cases, and make decisions on allowance of pay for time off duty as provided by this Article, subject to the approval of the Board of Industrial Relations.
In the present case, the Board of Industrial Relations ("board") issued findings of fact stating in part that "[t]he Board of Industrial Relations acknowledges that the firefighter Russell, the appellant, has an occupational illness, i.e.,. bilateral carpal tunnel syndrome." The board made the same finding as to Sherrod. However, the board noted that, under its rules, "an injury is physical damage caused by an incident in the actual performance of the duties of the position." The board further noted that it has "consistently interpreted an incident as being a traumatic and ready [sic] identifiable event, rather than repetitive stress."
In denying the grievances of the firefighters, the arbitrator cited the board's rules defining the term "other disability," as "[a] physically restrictive medical condition which is a direct result of or caused by an incident in the actual performance of the duties of the position." In its decision affirming the arbitration award, the trial court held in pertinent part:
 In his written opinion, the Arbitrator concluded that employees were allowed injury leave for injuries that were service-connected. * * * In addition, the Arbitrator concluded that the only ailments that were presumed to be service connected were vascular, pulmonary and respiratory ailments. The Arbitrator held that the decision to reject this presumption was left to the Finance Department Director or Designee pursuant to the Collective Bargaining Agreement. On this issue, the Arbitrator held that the Finance Department Director was bound by the Regulations established by the Board of Industrial Relations, which defines an injury as a physical damage, or a physically restrictive medical condition, which is a direct result of or caused by an incident in the actual performance of the duties of the position.
 Plaintiffs had the opportunity, at the arbitration hearing, to overcome the presumption that carpal-tunnel ailments are not service-connected, and that, Plaintiff's injuries were connected to their duties as firefighters. Plaintiffs failed to carry this burden. This Court therefore declines to re-litigate this issue.
 The Arbitrator's Decision drew its essence from the parties' Collective Bargaining Agreement and, therefore, is not unlawful, arbitrary or capricious. This Court reviewed the relevant portions of the contract, examined the actions of the Arbitrator, and hereby verifies that the Arbitrator's Decision was consistent with the essence of the contract, and the authority granted to him thereunder. The Arbitrator was justified in looking to the Columbus' Board of Industrial Rules as they were inferentially incorporated by reference into the Collective Bargaining Agreement. These regulations comport with the spirit of the agreement. * * *
Plaintiff asserts that the trial court's finding that plaintiff failed to overcome the presumption that carpal tunnel ailments are not service-connected was erroneous. Specifically, plaintiff points to the findings of the board indicating, as noted above, that the claimants suffered from "an occupational illness, i.e., carpal tunnel disease."
Although the record in this case supports plaintiff's contention that the board conceded that the claimants suffer from "an occupational illness, i.e., bilateral carpal tunnel syndrome," the issue remains as to whether carpal tunnel syndrome is a compensable "injur[y] or other disabilit[y]" under the terms of the agreement. We note that the terms "injuries" and "other disabilities" are not defined in the agreement (nor is the term "occupational illness" either defined or contained in the agreement). However, the terms "injury" and "other disability" are defined by the board's rules and regulations. In the present case, the arbitrator noted that the Finance Department Director is governed by the rules and regulations established by the board. Further, Section 24.8 of the agreement recognizes that "[t]he provisions of this section shall be administered by the Director of the Finance Department or designee, who shall make necessary rules * * * subject to the approval of the Board of Industrial Relations."
The rules established by the board provide in pertinent part:
RULE 2 DEFINITIONS
 1. INJURY: An injury is physical damage caused by an incident in the actual performance of the duties of the position.
* * *
 5. OTHER DISABILITY: (Note: Applies to Fire Salary Ordinance only.) A physically restrictive medical condition which is a direct result of or caused by an incident in the actual performance of the duties of the position.
The arbitrator, in considering the rules adopted by the board, concluded that plaintiff had failed to establish that carpal tunnel syndrome "is caused by an incident." While we make no determination whether carpal tunnel syndrome can be caused by "an incident" (as opposed to cumulative trauma), we disagree with plaintiff's contention that the arbitrator's decision ignores the plain meaning of the agreement between the parties. Here, the agreement, pursuant to Section 24.8, authorizes the director to "make necessary rules" relating to injury leave, "subject to the approval of the board." Further, the board has adopted rules defining "injury" and "other disability" for purposes of the administration of injury leave (such rules having been adopted in 1984). The rules governing the board have confined the definitions of "injury" and "other disability" to physical damage or a medical condition caused by "an incident" in the actual performance of duties. The agreement itself nowhere indicates that a work-related condition caused by repetitive trauma qualifies as a compensable "injury or other disability." We further note that, although the agreement at issue provides that certain specific disabilities (cardiovascular, respiratory and pulmonary) "shall be presumed to be service-connected," carpal tunnel syndrome is not one of those enumerated disabilities. Because the director's authorization to make rules regarding injury leave is encompassed within the agreement, and in the absence of evidence that the claimants in this case suffered carpal tunnel syndrome as a result of "an incident," we conclude that the arbitrator's award draws its essence from the agreement.
Plaintiff contends that the trial court and the arbitrator ignored prior case law defining "other disability" more broadly. Plaintiff cites this court's decision in Thorne v. City of Columbus (Apr. 5, 1977), Franklin App. No. 76AP-903, unreported, in which the appellee, a firefighter, sought injury leave benefits pursuant to a city ordinance for myocardial infarction. The city ordinance provided for injury leave to employees "only for injuries or other disabilities determined by the chief city physician as caused or induced by the actual performance of the duties of his or her position." In Thorne, this court adopted the trial court's finding that the language used in the ordinance was not confined only to injuries resulting from some immediate trauma. However, there is no indication that the city ordinance at issue inThorne defined the term "other disability." As previously noted, in the present case, the agreement explicitly contemplates that the director shall make necessary rules relating to injury leave, and the board has defined the term "other disability" as a condition caused by "an incident."
Accordingly, after consideration of plaintiff's arguments, we conclude that the award draws its essence from the collective bargaining agreement, and that it is not unlawful, arbitrary or capricious. Thus, we conclude that the trial court did not err in holding that the arbitrator did not exceed the scope of his authority under the agreement.
Based upon the foregoing, plaintiff's first, second, third and fourth assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
BROWN, J., concurs.
TYACK, J., dissents.