I respectfully dissent.
The core of the controversy here concerns Article XXIII(d) of the Collective Bargaining Agreement which provides in part:
 * * * the arbitration panel shall select the final offer of one (1) of the parties on each of the impasse issues and shall issue an award incorporating all of these selected final offers, without modification.
The undisputed facts in the matter before us reveal that pursuant to the Collective Bargaining Agreement, each party had the right to select its own arbitrator, and those two, either chose a third arbitrator or selected one by the strike-off method. The latter method caused Elliott H. Goldstein to become the third arbitrator in this matter, Marvin Feldman having been selected by the CPPA and Frank Buck having been selected by the City of Cleveland.
Following a full hearing and submission of briefs on December 13, 1998, and without ever convening a conference, Goldstein called Feldman and informed him that the CPPA did not prevail on the Police Service Allowance claim. This, in my view, constituted an unlawful and arbitrary act on Goldstein's part and corrupted the arbitration process. From that point, Feldman withdrew; Goldstein attempted to appease him by referring to his 66-page written opinion as a draft, but by the time Goldstein delivered it to Feldman on March 5, 1999, the error had already been committed and the process fatally flawed. Goldstein had made his independent decision knowing that Buck would agree with it, but never gave Feldman an opportunity for any input: thus, the panel did not make a selection, Goldstein did. Everything done after that point purported to give credence to his arbitrary, unilateral decision made in violation of the terms of the Collective Bargaining Agreement.
Abundantly evident from the applicable case authority is the law that actions by arbitrators ought not to be arbitrary, capricious or unlawful. See, e.g., Findlay Bd. Of Edn. v. Findlay Edn. Assn. (1990),49 Ohio St.3d 129, where in its syllabus the court stated:
 2. Once it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end. (R.C. 2711.10[D], construed and applied.)
It is uncontroverted here and all arbitrators agree that the panel never met or discussed the issues prior to receipt of the opinion written by Goldstein. How could the decision therefore be a panel selection if Goldstein unilaterally made the decision and later informed Feldman about it? This is not, therefore, in my view, an award which draws its essence from the Collective Bargaining Agreement: indeed, Goldstein made it in contravention of the agreement, and it is therefore unlawful and capricious.
Despite authorities cited by the majority holding that only two arbitrators need agree to arrive at a decision, I would urge that the process by which Goldstein reached his decision here creates an appearance of impropriety and fails to follow the provisions of the Collective Bargaining Agreement and applicable law. In reaching a decision without any consultation, discussion or deliberation from Feldman, Goldstein deprived the CPPA of its input into that outcome.
I would therefore vacate the judgment and order a de novo arbitration of this matter.