ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court and the appellant's brief. Plaintiff-appellant Cuyahoga Metropolitan Housing Authority ("CMHA") appeals from the judgment of the trial court which affirmed an arbitrator's award to Defendant-appellee Ohio Patrolmen's Benevolent Association (OPBA) and denied CMHA's Motion to Vacate, Modify or Correct the award. For the reasons set forth below, we affirm the judgment of the trial court.
{¶ 2} The facts of this case are undisputed. As a result of events on October 12, 1999 in which a CMHA patrolman violated various CMHA personnel policies, CMHA disciplined the patrolman by suspending him for five days without pay. In response, the patrolman and the OPBA filed a grievance and the matter was submitted to arbitration. The arbitrator upheld the patrolman's suspension, but granted OPBA's request to remove the record of patrolman's disciplinary action from his file. The trial court affirmed the arbitrator's findings. It is from this ruling that CMHA appealed.
{¶ 3} OPBA filed a motion to dismiss the appeal asserting that the issue was moot. They alleged that two years had elapsed since the date that the patrolman violated personnel policies. They further alleged that since the Collective Bargaining Agreement ("CBA") between CMHA and OPBA and officers contained a provision allowing for records of disciplinary action to be removed from an officer's personnel file after the passage of two years and that, in this case two years had elapsed, that the case was moot. The disputed provision states:
 Records of disciplinary action that are more than one (one) year old for attendance or two (2) years old for all others, shall upon request of the employee be removed from an employee's personnel file and not be used in disciplinary actions.
{¶ 4} We find that OPBA misconstrued this provision in arguing that if the disciplinary action upon which a record is based is more than two years old, that such records of that action are to be removed from the personnel file.
{¶ 5} A careful reading of the disputed provision indicates that the words "of disciplinary action" merely modify the noun "records." As such, a proper grammatical interpretation of that sentence demands that the "records" are to be more than two years old. To understand its precise meaning, the sentence should be read, "Records * * * that are more than * * * two (2) years old * * *." In this case, the records in question are not yet two years old, and therefore the above provision is inapplicable. Therefore, the motion to dismiss the appeal as moot is denied.
{¶ 6} In its appeal, CMHA asserts one assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT, CUYAHOGA METROPOLITAN HOUSING AUTHORITY ("CMHA"), BY DENYING ITS MOTION TO VACATE, MODIFY OR CORRECT ARBITRATOR'S AWARD OF JANUARY 22, 2001 AND IN AFFIRMING THE ARBITRATOR'S AWARD WHEN THE ARBITRATOR CLEARLY EXCEEDED HIS AUTHORITY AND THE AWARD DOES NOT DRAW ITS ESSENCE FROM THE COLLECTIVE BARGAINING AGREEMENT.
{¶ 7} CMHA essentially contends that the arbitrator exceeded his authority by allowing OPBA and the patrolman's request to remove the records of his disciplinary action from his permanent personnel file. CMHA specifically argues that the trial court was authorized under R.C.2711.10(D) to vacate the arbitrator's award and erred in not so doing. We disagree.
{¶ 8} It is well-settled that judicial review of arbitration awards is limited. Findlay City School Dist. Bd. of Edn. v. Findlay Edn.Assn. (1990), 49 Ohio St.3d 129, 551 N.E.2d 186; Warren Edn. Assn. v.Warren City Bd. of Edn. (1985), 18 Ohio St.3d 170, 480 N.E.2d 456. Judicial intervention with an arbitrator's award is restricted by R.C.2711.09, 2711.10 and 2711.11. These statutes allow reviewing courts to modify, vacate or correct an arbitrator's award only upon certain grounds. R.C. 2711.10 states, in relevant part:
 In any of the following cases, the court of common pleas shall make an order vacating the award upon the application of any party to the arbitration if:
 (D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
{¶ 9} An arbitrator's award is presumed to be valid, and as such a reviewing court's inquiry as to whether an arbitrator has exceeded his authority within the meaning of this statute is limited. Findlay, supra. As the Ohio Supreme Court stated:
 Once it is determined that the arbitrator's award draws its essence from the collective bargaining and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10 (D) is at an end.
Id.
{¶ 10} An award draws its essence from the CBA when there is a rational nexus between the CBA and the award. Mahoning Cty. Bd. of MentalRetardation (1986), 22 Ohio St.3d 80, 488 N.E.2d 872, paragraph one of the syllabus.
{¶ 11} In this case, the CBA provided for dispute resolution via arbitration. The arbitrator upheld the five day suspension imposed on the patrolman finding "just cause" existed, but found that allowing the record of the disciplinary action to be a part of the patrolmen's personnel file would be excessive. The arbitrator's award has a rational nexus to the CBA and does not conflict with any provision contained therein. The CBA provided for CMHA's authority to promulgate and enforce work rules through Manual of Rules and Regulations. That manual provides for disciplinary procedures, wherein an employee may be relieved temporarily from duty, suspended or terminated. In this case, the arbitrator chose to uphold suspension by CMHA, without allowing the suspension to become a permanent blemish in the patrolman's file. This award does not conflict with the CBA and as such, draws its essence from the CBA. The award was neither unlawful, arbitrary nor capricious and therefore must be upheld.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., AND PATRICIA ANN BLACKMON, J., CONCUR.