OPINION
{¶ 1} Appellant City of Lancaster ("city") appeals the decision of the Fairfield County Court of Common Pleas that denied the city's motion to vacate the arbitration award and granted the Fraternal Order of Police, Ohio Labor Council Inc.'s ("F.O.P.") motion to confirm the arbitration award. The following facts give rise to this appeal.
 {¶ 2} On August 28, 2004, Officer David Thompson of the Lancaster Police Department was involved in a high-speed pursuit of a motorist. As a result of his conduct during the pursuit, the Lancaster Police Department terminated Officer Thompson on October 18, 2004. Following his termination, Officer Thompson filed a grievance challenging the action taken by the city. The grievance was denied at all levels of the grievance procedure. Thereafter, the F.O.P. filed its intent to arbitrate the grievance. The parties mutually selected Janet Goulet to arbitrate this matter.
 {¶ 3} Mrs. Goulet conducted an arbitration hearing on March 21, 2005. On May 25, 2005, Mrs. Goulet issued a decision and award wherein she determined the city violated the collective bargaining agreement and sustained the grievance, in part, by reducing Officer Thompson's discipline to a written reprimand. The city filed a motion to vacate the arbitration award on August 18, 2005. The F.O.P. filed a memorandum contra the motion to vacate and a motion to confirm the arbitration award on September 9, 2005. The city filed a motion to dismiss the motion to confirm on October 4, 2005.
 {¶ 4} On November 2, 2005, the trial court issued its decision denying both the city's motion to dismiss and motion to vacate. The court granted the F.O.P.'s motion to confirm the arbitration award. The city timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. THE COURT OF COMMON PLEAS ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE AWARD, BECAUSE IT FAILED TO ADDRESS THE CITY'S PUBLIC POLICY ARGUMENT."
 I {¶ 6} In its sole assignment of error, the city maintains the trial court erred when it overruled its motion to vacate the arbitration award because it failed to address its public policy argument. We disagree because R.C. 2711.10 does not authorize a trial court to vacate an arbitration award based upon public policy.
 {¶ 7} The city filed its application to vacate the arbitration award pursuant to R.C. 2711.01 et seq. R.C. 2711.10
sets forth the grounds upon which a court of common pleas may vacate an arbitration award. This statute provides as follows:
 {¶ 8} "(A) The award was procured by corruption, fraud, or undue means.
 {¶ 9} "(B) There was evident partiality or corruption on the part of the arbitrators, or any of them.
 {¶ 10} "(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
 {¶ 11} "(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."
 {¶ 12} In City of Alliance v. Fraternal Order of Police/OhioLabor Council, Inc., Stark App. No. 2002CA00195, 2003-Ohio-223, we addressed the issue of whether an arbitrator's award may be vacated based upon public policy considerations. In discussing this issue, we stated:
 {¶ 13} "Arbitration is favored under the law. `Arbitration has long been the preferred means of resolving disputes between labor and management. We have consistently emphasized that "[i]t is the policy of the law to favor and encourage arbitration and every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts."' Findlay City School Dist. Bd. of Edn. v.Findlay Edn. Assn. (1990), 49 Ohio St.3d 129, 131,551 N.E.2d 186, 189, superceded by statute on other grounds as noted inCincinnati v. Ohio Council 8, Am. Federation of State, Cty., andMun. Emp. (1991), 61 Ohio St.3d 658, 576 N.E.2d 745. (citingMahoning Cty. Bd. of Mental Retardation v. Mahoning Cty. TMREdn. Assn. (1986), 22 Ohio St.3d 80, 84, 488 N.E.2d 872, 875). `In order to uphold the strong public policy favoring private settlements of grievances, the General Assembly has limited the role of judicial review. R.C. Chapter 2711 described the circumstances under which the common pleas court may vacate (R.C.2711.10) . . . an arbitration award.' Lake Cty. Bd. of MentalRetardation Dev. Disabilities v. Professional Assn. forTeaching of Mentally Retarded (1994), 71 Ohio St.3d 15, 17,641 N.E.2d 180. A court of common pleas' review of an arbitration award is limited to the concerns listed in R.C. 2711.10.Goodyear Tire Rubber Co. v. Local Union No. 200, UnitedRubber, Cork, Linoleum and Plastic Workers of America (1975),42 Ohio St.2d 516, 330 N.E.2d 703, paragraph two of the syllabus. If none of the reasons for overturning the award listed in R.C.2711.10 exist, the court of common pleas must affirm the award.Monroe County Sheriff v. Fraternal Order of Police, Monroe App. No. 869, 2002-Ohio-5246 (citing Warren Edn. Assn. v. Warren CityBd. of Edn. (1985), 18 Ohio St.3d 170, 174, 480 N.E.2d 456.)."
 {¶ 14} We concluded our analysis in the City of Alliance
case by finding that R.C. 2711.10 does not authorize or empower a reviewing court to vacate an arbitration award based upon an alleged public policy violation. City of Alliance at ¶ 16. Despite our holding in the City of Alliance case, the city maintains the Ohio Supreme Court has recognized the vacation of arbitration awards based on public policy. The city cites the case of Southwest Ohio Regional Transit Auth. (SORTA) v.Amalgamated Transit Union, Local 627 (2001), 91 Ohio St.3d 108,2001-Ohio-294. The SORTA case concerns an employee of the Southwest Regional Transit Authority that was terminated due to a positive drug test.
 {¶ 15} In the SORTA case, the Ohio Supreme Court held that "* * * vacating an arbitration award pursuant to public policy is a narrow exception to the `hands off' policy that courts employ in reviewing arbitration awards and `does not otherwise sanction a broad judicial power to set aside arbitration awards as against public policy.' [Citation omitted.] Accordingly, we must examine `law and legal precedents' in order to determine if there is any public policy that would render the award reinstating Sundstrom unenforceable." Id. at 112.
 {¶ 16} Upon examining the law and legal precedents inSORTA, the Ohio Supreme Court concluded Ohio does not have any law or legal precedents mandating termination. Therefore, Ohio does not have dominant and well-defined public policy that renders unlawful an arbitration award reinstating a safety-sensitive employee who was terminated for testing positive for a controlled substance, assuming the award is otherwise reasonable in its terms for reinstatement. Id. at 114.
 {¶ 17} Although the Ohio Supreme Court did not find a well-defined public policy existed in the SORTA case, the city maintains a well-defined policy exists in the case sub judice. Specifically, the city cites R.C. 4511.03(A), which provides as follows:
 {¶ 18} "The driver of an emergency vehicle or public safety vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety to traffic, but may proceed cautiously past such red or stop sign or signal with due regard for the safety of all persons using the street or highway."
 {¶ 19} Based upon the above statute, the city maintains Officer Thompson was not exempt from proceeding cautiously when approaching stop signs and stop lights. The city further maintains a review of the videotape of the pursuit establishes that Officer Thompson did not proceed with appropriate caution within the meaning of R.C. 4511.03(A).
 {¶ 20} The city also contends negligent retention is a well-defined and dominant policy that the arbitrator's award violates. The city refers to testimony presented by the leadership of the Lancaster Police Department. This testimony concludes that Officer Thompson's actions establishes that he is not competent to make proper judgments under pressure and that he is likely to make poor decisions in the future.
 {¶ 21} We find the statute relied upon by the city and the recognized cause of action for negligent retention do not indicate that public policy precludes reinstatement of a police officer who violates department policy regarding high-speed pursuits. In fact, R.C. 4511.03(A) sets forth criminal penalties for violating Section (A) of the statute. However, the statute does not indicate that public policy precludes reinstatement for violation of this statute. Further, the fact that a cause of action may exist for negligent retention also does not dictate a public policy that precludes reinstatement.
 {¶ 22} Accordingly, we conclude the arbitrator's decision reinstating Officer Thompson was not unlawful, arbitrary or capricious.
 {¶ 23} The city's sole assignment of error is overruled.
 {¶ 24} For the foregoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Wise, P.J. Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs assessed to Appellant City of Lancaster.