OPINION
{¶ 1} Plaintiff-appellant, Portage County Board of Mental Retardation and Developmental Disabilities, appeals the October 26, 2006 decision of the Portage County Court of Common Pleas, confirming the arbitration award in a dispute between the Board of Mental Retardation and defendant-appellee, Portage County Educators' *Page 2 
Association for the Mentally Retarded. For the following reasons, we affirm the decision of the court below.
 {¶ 2} The Board of Mental Retardation provides services to persons with mental retardation and/or developmental disabilities at various schools, workshops, and employment sites throughout Portage County. The Educators' Association is the representative body of certain persons employed by the Board of Mental Retardation. The relationship between the parties has been governed by a collective bargaining agreement since 1981. Since that time, Board employees who work at least 6.5 hours a day received two breaks per shift.
 {¶ 3} In December 2004, the Board terminated all breaks for employees working 6.5 hours a day. Subsequently, the Educators' Association filed a class action grievance on behalf of employees working 6.5 hours a day, requesting that breaks for all 6.5 hour a day employees be restored and that those employees who have been denied their breaks be compensated.
 {¶ 4} The grievance was submitted to arbitration and a hearing was conducted on September 22, 2005.
 {¶ 5} The collective bargaining agreement provides, in relevant part, as follows: "The standard workweek will be thirty-five (35) hours [thirty-two and one-half (32 1/2) hours for Instructor Assistants/Registered Service Assistants/Personal Service Assistants] at the rate of seven (7) hours per day [six and one-half (6 1/2) hours per day for Instructor Assistants/Registered Service Assistants/Personal Service Assistants] as scheduled by the Board, which includes breaks (included elsewhere herein) and a thirty (30) minute lunch away from student/adults except in emergency situations. * * * There *Page 3 
shall be two (2) breaks per day [fifteen (15) and ten (10) minutes], one in the morning and one in the afternoon, for staff working at least seven (7) hours per day."
 {¶ 6} The collective bargaining agreement is silent regarding breaks for employees working 6.5 hours a day.
 {¶ 7} On January 3, 2006, the arbitrator issued his decision granting the grievance. The arbitrator found the collective bargaining agreement unclear as to whether 6.5 hour a day employees were entitled to breaks and, thus, looked to the past practice of the parties to determine their intent on this issue.
 {¶ 8} The Board of Mental Retardation applied to the court of common pleas to have the arbitrator's award vacated. On October 26, 2006, the trial court denied the Board's application and confirmed the arbitrator's award. The court found the collective bargaining agreement "somewhat ambiguous concerning who gets breaks and who does not. While an arbitrator may not ignore the plain language of a contract, because the [collective bargaining agreement] is not entirely clear on this point, the arbitrator did not err in looking to past practices to determine the parties' intent."
 {¶ 9} The Board timely appealed and raised the following assignment of error: "The trial court abused its discretion by affirming an arbitration award that required the Board to provide breaks to employees working six and one-half (6 ½) hours per day."
 {¶ 10} It has been the long-standing public policy of Ohio to favor and encourage arbitration between parties as "a speedy and inexpensive way [toward] a final disposition of the controversy between them, and to avoid future litigation concerning the same matters." Corrigan v.Rockefeller (1902), 67 Ohio St. 354, 367. Accordingly, the "courts have only limited authority to vacate an arbitrator's award." Assn. of *Page 4 Cleveland Fire Fighters v. Cleveland, 99 Ohio St.3d 476, 2003-Ohio-4278, at ¶ 13; Campbell v. Automatic Die Prods. Co. (1954), 162 Ohio St. 321,329 ("every reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts").
 {¶ 11} A court of common pleas is authorized to vacate an arbitrators' award where "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." R.C. 2711.10(D). Cf. Bd. of Edn. of theFindlay City School Dist. v. Findlay Edn. Assn. (1990),49 Ohio St.3d 129, at paragraph one of the syllabus ("[g]iven the presumed validity of an arbitrator's award, a reviewing court's inquiry into whether the arbitrator exceeded his authority, within the meaning of R.C.2711.10(D), is limited").
 {¶ 12} The Ohio Supreme Court has construed this provision to mean "that a reviewing court is limited to determining whether the award draws its essence from the [collective bargaining agreement] and whether the award is unlawful, arbitrary, or capricious." Cleveland FireFighters, 2003-Ohio-4278, at ¶ 13; Findlay City School Dist.,49 Ohio St.3d 129, at paragraph two of the syllabus ("[o]nce it is determined that the arbitrator's award draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious, a reviewing court's inquiry for purposes of vacating an arbitrator's award pursuant to R.C. 2711.10(D) is at an end"). "An arbitrator's award draws its essence from a collective bargaining agreement when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious or unlawful." Mahoning Cty. Bd. of MentalRetardation and Developmental *Page 5 Disabilities v. Mahoning Cty. TMR Edn. Assn. (1986), 22 Ohio St.3d 80, at paragraph one of the syllabus.
 {¶ 13} "The standard of review to be employed on appeal is whether the trial court erred as a matter of law in confirming the arbitration award." Dayton v. Internatl. Assn. of Firefighters, 2nd Dist. No. 21681,2007-Ohio-1337, at ¶ 11 (citations omitted). "Thus, our review in this case is narrowly confined `to an evaluation of the confirmation order of the common pleas court and we cannot review the substantive merits of the award absent evidence of material mistakes or extensive impropriety.'" Id. (citations omitted).
 {¶ 14} The Board of Mental Retardation raises two arguments against the decision of the arbitrator and trial court. The first is that the arbitrator exceeded his contractual powers by rendering a decision inconsistent with the terms of the bargaining agreement. Ohio Office ofCollective Bargaining v. Ohio Civ. Serv. Emps. Assn. (1991),59 Ohio St.3d 177, at syllabus ("[a]n arbitrator's award departs from the essence of a collective bargaining agreement when * * * the award conflicts with the express terms of the agreement").
 {¶ 15} In the present case, the arbitrator found that employees who worked 6.5 hour days were entitled to two breaks during their shift. Contrary to the Board's argument, this decision is not inconsistent with any provision of the collective bargaining agreement. The provision relied upon by the Board states that "[t]here shall be two (2) breaks per day * * * for staff working at least seven (7) hours per day." This provision is only relevant for employees who work at least seven hours day. This provision cannot fairly be read as authorizing or prohibiting or having any bearing on the number of *Page 6 
breaks employees working less than seven hours a day are entitled to receive. There is no direct conflict between the arbitrator's award and any provision of the collective bargaining agreement.
 {¶ 16} The Board next argues the arbitrator exceeded his authority by awarding employees who work 6.5 hours a day two breaks per shift when this issue was not before him. The Board defines the issue before the arbitrator as whether the Board violated the collective bargaining agreement by eliminating breaks for employees who work 6.5 hours a day. According to the Board, nothing in the collective bargaining agreement prevents it from eliminating breaks for employees who work less than seven hours a day.
 {¶ 17} This argument also fails. Although the collective bargaining agreement is silent regarding what breaks employees working 6.5 hours a day may receive, the agreement does state that "[t]he standard workweek [applicable to employees working 6.5 hour shifts] * * * includes breaks (included elsewhere herein)." The arbitrator considered the past practices of the parties to determine the employees' entitlement to breaks.
 {¶ 18} The Ohio Supreme Court has affirmed that parties to a collective bargaining agreement may be bound by past practices not expressly provided for in the agreement. "To be binding on parties to a collective bargaining agreement, a past practice must (1) unequivocal, (2) clearly enunciated, and (3) followed for a reasonable period of time as a fixed and established practice accepted by both parties." Assn. ofCleveland Fire Fighters, 2003-Ohio-4278, at syllabus. *Page 7 
 {¶ 19} In the present case, it is undisputed that employees working 6.5 hours a day had received two breaks per shift for over twenty years until the Board made the conscious decision to eliminate such breaks. The practice clearly constitutes a binding past practice which the arbitrator was entitled to consider in determining whether the Board could eliminate the breaks. As the arbitrator concluded, "[t]he way to change this twenty-three-year-old practice is at the bargaining table."
 {¶ 20} Accordingly, the trial court's confirmation of the arbitrator's award was proper inasmuch as the arbitrator did not err in looking to the past practices between the parties, there is a rational nexus between arbitrator's award and the collective bargaining agreement, and the arbitrator's award is not inconsistent with the agreement.
 {¶ 21} The sole assignment of error is without merit. The decision of the Portage County Court of Common Pleas, confirming the award in favor of Portage County Educators' Association, is affirmed.
 CYNTHIA WESTCOTT RICE, P.J, COLLEEN MARY O'TOOLE, J., concur. *Page 1