[Cite as *Pike-Delta-York Local School Dist. Bd. of Edn. v. Pike-Delta-York Edn. Assn.*, 2017-Ohio-1476.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

Pike Delta York Local School
District Board of Education

     Appellee

v.

Pike Delta York Education Association

     Appellant

Court of Appeals No.  F-16-006

Trial Court No.  16CV000038

**DECISION AND JUDGMENT**

Decided:  April 21, 2017

* * * * *

C. Bronston McCord, III, for appellee.

Christine A. Reardon and Edward J. Stechschulte, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Pike-Delta-York Education Association ("Association"), appeals the August 24, 2016 judgment entry of the Fulton County Court of Common Pleas.  For the reasons that follow, we affirm.

## Background

{¶ 2} The Association, as the bargaining representative for its union members, and appellee, Pike-Delta-York Board of Education ("the Board"), were parties to the Master Agreement, a collective bargaining agreement ("CBA"), which was effective September 1, 2014 through August 31, 2017.

{¶ 3} At all times relevant, Stephanie Rayfield ("Grievant") was employed by the Board as a teacher and was a member of the Association. Grievant was also the varsity softball head coach for 15 years, under a yearly supplemental contract, including the spring of 2012 (the 2011-2012 school year).

{¶ 4} Grievant reapplied to be the head softball coach for the 2012-2013 school year. Both the athletic director and the superintendent recommended Grievant but the Board hired Sam Keesey, who was not employed by the school district, to be the varsity softball head coach for the 2012-2013 school year.

## First Grievance and Arbitration Decision

{¶ 5} On September 25, 2012, Grievant filed a grievance alleging the Board violated the CBA by denying the renewal of Grievant's supplemental softball coaching contract for the 2012-2013 school year. The grievance was denied and arbitration was demanded.

{¶ 6} Keesey was hired again by the Board to be the varsity softball head coach for the 2013-2014 school year.

2.

**{¶ 7}** An arbitration was held on February 18, 2014. On May 22, 2014, the arbitrator issued a decision, sustaining the grievance and ruling the Board violated the CBA with respect to the 2012-2013 school year. The arbitrator awarded Grievant back pay for the 2012-2013 school year. The arbitrator observed that the Association, in its post hearing brief, also sought compensation for Grievant for the 2013-2014 school year and for Grievant to be reinstated as head softball coach for the 2014-2015 school year. However, the arbitrator found:

> The difficulty in awarding the [Association's] requested remedy is that the grievances before this Arbitrator only address the 2012/13 school year. As such, no record evidence was adduced at the hearing regarding the ensuing years. An Arbitrator cannot render decisions predicated on the mere possibility that in ensuing years certain situations may have transpired, or base remedies on those possibilities. Furthermore, in that the grievances before this Arbitrator only address the 2012/13 school year, remedies granted for the 2013/14 and 2014/15 school years would be beyond the scope of the grievances, and beyond the authority of this Arbitrator.

**{¶ 8}** The arbitrator's decision was not appealed.

<u>Second Grievance and Arbitration Decision</u>

{¶ 9} In May 2014, Grievant applied to be the head softball coach for the 2014-2015 school year, but was not hired as the Board rehired Keesey. On October 1, 2014, the Association filed a grievance alleging Grievant did not receive consideration or an interview for the head softball coach position, despite applying for the position. The Association also alleged the Board violated several provisions of the CBA, as well as long standing past precedence. It was further alleged that the Board's action violated R.C. 3313.53, and was retaliatory in nature, which violated Grievant's civil rights. The relief sought was to "[a]ward contract as head softball coach [and] agree to cease retaliatory actions."

{¶ 10} An arbitration hearing was held on September 16, 2015. On December 22, 2015, the arbitrator issued his decision. The arbitrator determined that two issues were the subject matter of the arbitration. Those issues were:

1. Whether the District violated the Agreement when it did not consider the grievant or offer her the supplemental contract as Varsity Softball Head Coach for the 2014/15 school year? If so, what is the remedy?

2. Whether the District retaliated against the grievant when it did not interview or hire her to be Varsity Softball Head Coach for the 2014/15 school year? If so, what is the remedy?

4.

**{¶ 11}** The arbitrator granted the grievance in part and denied it in part. The arbitrator found the Board did not retaliate against the Grievant, but "[g]iven the past practice of retaining an incumbent coach," the Board did violate the CBA by not awarding Grievant the head softball coaching position for the 2015-16 school year. The arbitrator found he "cannot apply any remedy prior to the current school year [2015-16]" because the first arbitrator's decision "addressed the events and remedy through the 2014-15 school year." The arbitrator concluded "he has no authority to contradict [the first arbitrator's] award in any way." The arbitrator held the Board's earlier violation of the CBA in not awarding Grievant the head coaching position, which was the subject of the first grievance, resulted in Grievant not being retained in subsequent years. The arbitrator therefore awarded Grievant the head softball coaching position for the 2015-2016 school year.

**{¶ 12}** On February 22, 2016, the Board filed a motion to vacate/modify/correct an arbitration award with the trial court; the Association filed a cross-motion/application to confirm and enforce the arbitration award.

**{¶ 13}** On August 24, 2016, the trial court issued its judgment entry, reversing the arbitrator's decision. The Association appealed and set forth three assignments of error:

> 1. The Trial Court Committed Reversible Error in Entering judgement to "Reverse" a final and binding arbitration Award.

5.

2. The Trial Court committed reversible error when it reversed and/or vacated Arbitrator Zeiser's binding Arbitration Award.

3. The Trial Court committed reversible error by not entering an order to confirm and enforce Arbitrator Zeiser's binding Arbitration Award.

Law

{¶ 14} Generally, an arbitration award is considered final because the purpose of arbitration is to end the controversy and avoid future litigation. *Youghiogheny & Ohio Coal Co. v. Oszust*, 23 Ohio St.3d 39, 41, 491 N.E.2d 298 (1986). However, a trial court may vacate an arbitrator's award if:

(A) The award was procured by corruption, fraud, or undue means.

(B) Evident partiality or corruption on the part of the arbitrators, or any of them.

(C) The arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.

(D) The arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. R.C. 2711.10.

6.

**{¶ 15}** An arbitrator's award will not be vacated if the award "draws its essence from the collective bargaining agreement and is not unlawful, arbitrary or capricious." *Bd. of Edn. of Findlay City School Dist. v. Findlay Edn. Assn.*, 49 Ohio St.3d 129, 132-133, 551 N.E.2d 186 (1990), *superseded on other grounds* by R.C. 4117.10(A).

**{¶ 16}** The powers of an arbitrator are established by the agreement from which he draws his authority. *State Farm Mut. Ins. Co. v. Blevins*, 49 Ohio St.3d 165, 551 N.E.2d 955 (1990), paragraph one of the syllabus. The arbitrator has no authority to determine issues which, under the agreement, the parties did not submit for review. *Id.*

### Standard of Review

**{¶ 17}** An appellate court is confined to a review of the trial court's decision, pursuant to R.C. 2711, and the substantive merits of the arbitrator's award are not reviewable absent evidence of material mistake or extensive impropriety. *Hussein v. Hafner & Shugarman Enters.*, 6th Dist. Wood No. WD-09-020, 2010-Ohio-4205, ¶ 25; *Univ. of Toledo v. Am. Assn. of Univ. Professors*, 6th Dist. Lucas No. L-12-1317, 2013-Ohio-2811, ¶ 10.

### Analysis

**{¶ 18}** The assignments of error are interrelated and will be addressed together. The assignments of error assert the trial court erred in vacating and not confirming the December 22, 2015 arbitration decision.

7.

{¶ 19} The trial court, in its August 24, 2016 judgment entry, observed the arbitrator determined that two issues were the subject matter of the arbitration. The court then recognized only the first issue was in dispute: "Whether the District violated the Agreement when it did not consider the grievant or offer her the supplemental contract as Varsity Softball Head Coach for the 2014/15 school year? If so, what is the remedy?" Accordingly, the court addressed only the first issue. We find the trial court's scope of review was proper.

{¶ 20} The trial court, in reversing the arbitrator's decision, accepted the Board's arguments. The Board argued the subject of the grievance was the 2014-2015 school year but the arbitrator had ruled that the Grievant was to be awarded the head coach position for the 2015-2016 school year. The Board claimed only the matters related to the 2014-2015 school year could be considered the subject matter of the arbitration before the court. The Board contended the Grievant did not file a grievance regarding the decision made for the 2015-2016 school year, and the 2015-2016 school year had never been the subject of the arbitration. The court noted the Board also asserted "since no back pay was awarded for any of the years the Arbitrator says Grievant 'should' have been working, and no back pay had been awarded for the school year that actually <u>was</u> the subject of the Arbitration, it must follow that <u>NO DECISION</u> was actually made." (Emphasis sic.)

8.

**{¶ 21}** The trial court found the arbitrator's decision was "premised upon a two year's previous Decision, which was premised upon facts which do not exist in the present case. Moreover [the arbitrator] drew a number of 'inferences,' from other 'inferences,' which makes this case too speculative to sustain." The court ruled the Association did not carry its initial burden of proof, and also ruled "that an actual Decision was not reached in this case."

**{¶ 22}** Upon review of the trial court's judgment, we find the court's reversal of the arbitrator's decision is premised on R.C. 2711.10(D), that the arbitrator exceeded his powers and imperfectly executed his powers so that a final and definite award upon the subject matter submitted was not made. We further find, based on the record, these were proper bases for the court to vacate the arbitrator's award.

**{¶ 23}** The arbitrator framed the issue to be arbitrated: whether the Board violated the CBA when it did not consider the grievant or offer her the supplemental contract as head softball coach for the 2014-2015 school year. However, the arbitrator did not decide this issue because he found he "cannot apply any remedy prior to the current school year [2015-2016]" because the first arbitrator's decision "addressed the events and remedy through the 2014-15 school year." The arbitrator imperfectly executed his powers in so finding. The first arbitrator clearly set forth in his decision that he did not hear evidence or fashion a remedy for the 2014-2015 school year as that was beyond the scope of the grievance and beyond his authority.

9.

**{¶ 24}** The arbitrator also exceeded his power and authority by finding "[g]iven the past practice of retaining an incumbent coach, the [Board] violated the [CBA] when it did not award the Grievant the supplemental contract as Varsity Softball Head Coach for the 2015-2016 school year." Since the 2015-2016 school year was not the subject of the grievance, the arbitrator had no authority to determine this issue. The arbitrator further exceeded his power and authority by awarding Grievant the head coaching position for the 2015-2016 school year, as this was not an issue before the arbitrator.

**{¶ 25}** Upon further review, we find no evidence of material mistake or extensive impropriety on the part of the trial court. We therefore find the trial court properly reversed and/or vacated the arbitrator's award. Accordingly, the Association's assignments of error are not well-taken.

**{¶ 26}** Having found that the trial court did not err, the judgment of the Fulton County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                                _____

                                                                  JUDGE

Arlene Singer, J.

                               _____

Thomas J. Osowik, J.                                    JUDGE

CONCUR.

                               _____

                                                                   JUDGE

11.